QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Michael E. Williams (Bar No. 181299)
  (michaelwilliams@quinnemanuel.com)
  Daniel C. Posner (Bar No. 232009)
  (danposner@quinnemanuel.com)
  John Z. Yin (Bar No. 325589)
  (johnyin@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Defendant*
*VIZIO, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SOFTWARE FREEDOM CONSERVANCY, INC., a New York Non-Profit Corporation<br><br>Plaintiff,<br><br>vs.<br><br>VIZIO, INC., a California Corporation; and DOES 1 to 50, Inclusive,<br><br>Defendants. | CASE No. 8:21-cv-01943<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[Federal Question, 28 U.S.C. §§ 1331, 1338, 1367, 1441, and 1454] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant VIZIO, Inc. ("VIZIO" or "Defendant") hereby removes to the United States District Court for the Central District of California, the civil action styled *SOFTWARE FREEDOM CONSERVANCY, INC. v. VIZIO, INC. and DOES 1 to 50, Inclusive*, Case No. 30-2021-01226723-CU-BC-CJC, pending in the Superior Court of the State of California, County of Orange.  In support of this removal, Defendant respectfully submits the following in support:

## STATEMENT OF THE CASE

1. Plaintiff filed a complaint against VIZIO and DOES 1 to 50 in the Superior Court of California, County of Orange on October 19, 2021.  Plaintiff served VIZIO with the summons and complaint on October 27, 2021.

2. Plaintiff alleges that VIZIO smart televisions "are loaded with numerous computer programs that manage the smart TVs' computers and provide their users with content in an accessible, user-friendly way.  Defendants refer to these programs variously as an 'operating system' and 'platform.'  Defedants market this operating system or platform as 'SmartCast.'" *See* Declaration of Michael E. Williams ("Williams Decl.") ¶ 2, Ex. 1 (Complaint) at ¶ 34.

3. Plaintiff alleges that VIZIO's SmartCast incorporated a number of computer programs and source code that were created by others and licensed under either the GNU General Public License version 2 ("GPLv2") or the GNU Lesser General Public License version 2.1 ("LGPLv2.1").  *See generally* Williams Decl. ¶ 2, Ex. 1 (Complaint) at ¶¶ 32-38.

4. Plaintiff asserts two causes of action: breach of contract and declaratory relief . *See id.* at ¶¶ 87-134.  Plaintiff seeks specific performance, attorney's fees, and costs as to the first cause of action, and declaratory relief, attorney's fees, and costs as to the second cause of action. *See id.* at Prayer for Relief.

5. The Complaint is removable on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1441, and 1454.

6. Defendant satisfies all procedural requirements, including those of 28 U.S.C.

§ 1446, and hereby removes this action to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 1441, 1446, and 1454.

## GROUNDS FOR REMOVAL

### I. THE REQUIREMENTS FOR REMOVAL UNDER FEDERAL QUESTION JURISDICTION ARE SATISFIED

7. Defendant hereby removes this action based on federal question jurisdiction, pursuant to 28 U.S.C. § 1441(a).  This Court has original and exclusive jurisdiction over this action because plaintiff's claims are completely preempted by the laws of the United States, specifically, the federal Copyright Act.  *See* 28 U.S.C. §§ 1331, 1338(a), 1441(a), 1454(a); 17 U.S.C. § 301(a).

8. Under the complete preemption doctrine, even a well-pleaded state law claim is deemed to "arise under federal law" when a federal statute has completely preempted a particular area of law.  *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243–44 (9th Cir. 2009) ("If a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law.") (internal quotation and brackets omitted).  Thus, any state law claim based on a "completely preempted" law is considered a federal claim from its inception and warrants removal of the complaint to federal court.  *Hall*, 476 F.3d at 687; *Botsford v. Blue Cross & Blue Shield of Montana, Inc.*, 314 F.3d 390, 393 (9th Cir. 2002) ("If federal law completely preempts a plaintiff's state-law claim, that plaintiff may not escape federal jurisdiction no matter how careful his or her pleading.").

9. Complete preemption applies to claims arising under the Copyright Act, and courts recognize the propriety of removing such preempted claims.  *See, e.g.*, *Dielsi v. Falk*, 916 F. Supp. 985, 994 (C.D. Cal. 1996) ("Because federal copyright law completely preempts Plaintiff's Fifth and Sixth Causes of Action, this case was properly removed to federal court."); *Meribear Prods., Inc. v. Vail*, No. CV 14-454 DMG (RZX), 2014 WL 12597609, at *5 (C.D. Cal. Aug. 5, 2014) ("While the Ninth Circuit has not addressed this issue, the three circuits to directly address it have held that the complete preemption doctrine applies to the Copyright Act. . . The Court

1   finds the analysis in these opinions persuasive.") (removal based on complete copyright
2   preemption); *Ritchie v. Williams*, 395 F.3d 283, 286-87 (6th Cir. 2005); *Briarpath, Ltd. v.*
3   *Phoenix Pictures, Inc.*, 373 F.3d 296, 303-09 (2d Cir. 2004); *Rosciszewski v. Arete Assoc., Inc.*, 1
4   F.3d 225, 231-33 (4th Cir. 1993) ("Congress has clearly indicated that state-law claims which
5   come within the subject matter of copyright law and which protect rights equivalent to any of the
6   exclusive rights within the scope of federal copyright law . . . should be litigated only as federal
7   copyright claims"); *see also Bierman v. Toshiba Corp.*, 473 F. App'x 756, 758 (9th Cir. 2012) (J.
8   Wallace concurring) ("I would have joined the Second, Fourth, and Sixth Circuits in holding that
9   claims preempted by § 301(a) of the Copyright Act are regarded as arising under federal law, and
10  therefore can support removal."); *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1123-24
11  (N.D. Cal. 2001); 28 U.S.C. § 1338(a) (federal courts have exclusive jurisdiction over copyright
12  claims).
13        10.    "Copyright preemption is both explicit and broad[.]" *G.S. Rasmussen & Assoc. v.*
14  *Kalitta Flying Service*, 958 F.2d 896, 904 (9th Cir. 1992), *cert. denied*, 508 U.S. 959 (1993).  A
15  state claim is preempted by the Copyright Act when: (1) the work on which the state claim is
16  based is within the subject matter of copyright, and (2) the rights that plaintiff asserts under state
17  law are qualitatively equivalent to rights within the general scope of copyright protection.  *See*,
18  *e.g.*, *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1012–13 (9th Cir. 2017); *Kodadek v. MTV*
19  *Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998); *Worth v. Universal Pictures*, Inc., 5 F. Supp.
20  2d 816, 821 (C.D. Cal. 1997); *Firoozye*, 153 F. Supp. 2d at 1122-23; *Dielsi*, 916 F. Supp. at 991.
21  Both prongs are met here.
22        11.    *First*, the computer programs and source code at issue here, such as those in
23  VIZIO's SmartCast operating system, fall within the "subject matter of copyright."  *See* 17
24  U.S.C. §§ 101, 117 (definition and copyright protection for computer programs).  *See also*, *Apple*
25  *Computer, Inc. v. Formula Int'l Inc.*, 725 F.2d 521, 524 (9th Cir. 1984) (federal copyright law
26  was amended "to make it explicit that computer programs … are proper subject matter of
27  copyright," citing legislative history of the Copyright Act); *Oracle Am., Inc. v. Google Inc.*, 750
28  F.3d 1339, 1381 (Fed. Cir. 2014).  Moreover, the scope of copyright preemption is broader than

1    the scope of protection—"the shadow actually cast by the Act's preemption is notably broader
2    than the wing of its protection." *Endemol Entm't B.V. v. Twentieth Television Inc.*, 1998 WL
3    785300, at *3 (C.D. Cal. Sept. 29, 1998); *United States ex rel. Berge v. Bd. of Trustees*, 104 F.3d
4    1453, 1463 (4th Cir. 1997).

5    12.    *Second,* "[a] right is equivalent to rights within the exclusive province of copyright
6    when it is infringed by the mere act of reproducing, performing, distributing, or displaying the
7    work at issue." *Fleet v. CBS, Inc.*, 50 Cal. App. 4th 1911, 1918–24 (1996).  Here, each claim is
8    completely preempted by the Copyright Act because each alleges violations of the exact same
9    exclusive federal rights protected by copyright law, namely, the exclusive right to reproduce,
10   distribute, and make derivative copies of the copyrighted computer programs or source code.

11   13.    Although plaintiff asserts claims against VIZIO under the guise of a breach of
12   contract claim, that claim is based solely on rights that are qualitatively equivalent to those
13   protected by federal copyright law.  It is well established that exceeding the scope of a license by
14   violating its "conditions" gives rise to a claim for copyright infringement.  *See, e.g.*, *MDY Indus.,*
15   *LLC v. Blizzard Ent., Inc.*, 629 F.3d 928, 939 (9th Cir. 2011) ("[w]e refer to contractual terms that
16   limit a license's scope as 'conditions,' the breach of which constitute copyright infringement");
17   *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1121 (9th Cir. 1999); *S.O.S., Inc. v.*
18   *Payday, Inc.*, 886 F.2d 1081, 1087 (9th Cir. 1989).  *See also*, *Etemadi v. Metro. Fashion Wk.,*
19   *LLC*, No. CV 17-1549 PA (GJSX), 2017 WL 5592901, at *3 (C.D. Cal. June 21, 2017).

20   14.    Here, plaintiff alleges that VIZIO has exceeded the scope of the GPLv2 and
21   LGPLv2.1 licenses by violating certain conditions of those licenses, thus giving rise to a claim
22   for federal copyright infringement.  *See Jacobsen v. Katzer*, 535 F.3d 1373 (Fed. Cir. 2008) (term
23   in open source license that "states on its face that the document creates conditions" and uses the
24   phrase "provided that" to denote conditions under California law is found to create enforceable
25   copyright conditions); *Etemadi*, 2017 WL 5592901 at *3 (following *Jacobsen*).

26   15.    Plaintiff's contract claim is based on the same kind of "open source" license
27   conditions that were found to be governed by copyright law.  Specifically, the terms of the
28   GPLv2 and LGPLv2.1 licenses at issue here recite, on their face, "terms and ***conditions*** for

copying, distribution and modification" of the copyrighted computer programs.  *See* Williams Decl. ¶ 6, Ex. 5 (Errata re: Complaint) at Exs. A (GPLv2) and B (LGPLv2.1) (emphasis added).  Likewise, similar to the terms at issue in *Jacobsen*, the relevant terms here also use the phrase "provided that" to denote conditions.  For example, Section 3 of the GPLv2 license recites:

> **3.** You may copy and distribute the Program (or a work based on it, under Section 2) in object code or executable form under the terms of Sections 1 and 2 above ***provided that*** you also do one of the following:
>
> **a)** Accompany it with the complete corresponding machine-readable source code, which must be distributed under the terms of Sections 1 and 2 above on a medium customarily used for software interchange; or,
>
> **b)** Accompany it with a written offer, valid for at least three years, to give any third party, for a charge no more than your cost of physically performing source distribution, a complete machine-readable copy of the corresponding source code, to be distributed under the terms of Sections 1 and 2 above on a medium customarily used for software interchange; or,
>
> …

*See id.* at Ex. A (GPLv2), § 3 (emphasis added).

16.     Copyright preemption is found where "[t]he breach of contract claim alleges violations of the exact same exclusive federal rights protected by Section 106 of the Copyright Act, the exclusive right to reproduce, distribute and make derivative copies." *Jacobsen v. Katzer*, 609 F.Supp.2d 925, 933 (N.D. Cal. 2009) (finding breach of contract claim preempted by federal copyright law).  The same is true here.

17.     Plaintiff's breach of contract allegations are based entirely on the aforementioned terms of the GPLv2 and LGPLv2.1 licenses.  *See* Williams Decl. ¶ 2, Ex. 1 (Complaint) at *¶¶* 94, 96.  Plaintiff's declaratory judgment claim is based on the same underyling facts for the breach of contract allegations and rely on the same conditions of the GPLv2 and LGPLv2.1 licenses.  *See id.* at *¶¶* 129, 130. These are the "exact same exclusive federal rights protected by Section 106 of the Copyright Act, the exclusive right to reproduce, distribute and make derivative copies." *Jacobsen*, 609 F.Supp.2d at 933.

18.     Moreover, even if just one of plaintiff's claims is preempted by the Copyright Act,

the entirety of the Complaint is removable. *Franchise Tax Bd. Of State of Cal.*, 463 U.S. at 22; *Metro. Life Ins. Co.*, 481 U.S. at 63-64; *see also NTD Architects v. Baker*, No. 12CV0020 AJB JMA, 2012 WL 2498868, at *8 (S.D. Cal. June 27, 2012) ("The preemption of just one claim is sufficient to warrant removal."). In that situation, the Court has supplemental jurisdiction over the rest of the claims under 28 U.S.C. § 1367(a) because all claims alleged are derived from a "common nucleus of operative fact." *Worth*, 5 F. Supp. 2d at 823; 28 U.S.C. § 1367(a).

## II.  THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

19.  This action, filed in the Superior Court of the State of California, County of Orange, is being removed to the Central District of California, which embraces the place where the action is pending. 28 U.S.C. § 1441.

20.  Defendant has also complied with 28 U.S.C. §§ 1446(a), and (d). Under 28 U.S.C. §§ 1446(a), a true and correct copy of all of the process, pleadings, or orders on file in the state court and served on defendant in the state court action are attached to the Williams Declaration, filed concurrently. Williams Decl. ¶¶ 1-8, Exs. 1-6. Pursuant to 28 U.S.C. §§ 1446(d), a notice of filing of removal, with a copy of this notice of removal attached thereto, will be promptly filed with the clerk of the Superior Court of the State of California in the County of Orange, Case No. 30-2021-01226723-CU-BC-CJC. In addition, defendant is serving a notice to adverse party of removal of action to federal court, with a copy of the notice of removal attached thereto, on plaintiff's attorneys of record. A copy of the notice to adverse party of removal of action to federal court and the certificate of service of the notice to plaintiff are attached to the Williams Declaration.

21.  No previous application has been made for the relief requested herein.

22.  Pursuant to 28 U.S.C. §§ 1446(b)(1) and Rule 6(a) of the Federal Rules of Civil Procedure, this notice has been timely filed within 30 days after the service of summons.

23.  This notice has been signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## CONCLUSION

By this notice, defendant does not waive any objections as to improper service,

1  jurisdiction, or venue, or any other defenses or objections to this action.  Defendant intends no
2  admission of fact, law, or liability by this notice, and instead reserves all defenses, motions, and
3  pleas.  Defendant prays that this action be removed to this Court for determination; that all further
4  proceedings in the state court be stayed; and that defendant obtain all additional relief to which it
5  is entitled.

6  DATED:  November 29, 2021          QUINN EMANUEL URQUHART &
                                                             SULLIVAN, LLP


                                                         By  */s/ Michael E. Williams*
                                                             Michael E. Williams
                                                             Attorneys for Defendant
                                                             VIZIO, Inc.