1  QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
2    Michael E. Williams (Bar No. 181299)
     (michaelwilliams@quinnemanuel.com)
3    Daniel C. Posner (Bar No. 232009)
     (danposner@quinnemanuel.com)
4    John Z. Yin (Bar No. 325589)
     (johnyin@quinnemanuel.com)
5  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017
6  Telephone:   (213) 443-3000
   Facsimile:    (213) 443-3100
7
   *Attorneys for Defendant*
8  *VIZIO, Inc.*

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11 | SOFTWARE FREEDOM | CASE NO. 8:21-cv-01943-JLS-KES |
   | CONSERVANCY, INC., | |
12 | | **DEFENDANT VIZIO, INC.'S** |
   | Plaintiff, | **NOTICE OF MOTION AND** |
13 | | **MOTION TO DISMISS** |
   | | **COMPLAINT PURSUANT TO** |
14 | vs. | **FED.R.CIV.P. 12(B)(6);** |
   | | **MEMORANDUM OF POINTS AND** |
15 | | **AUTHORITIES IN SUPPORT** |
   | | **THEREOF** |
16 | VIZIO, INC., | |
17 | | Date:  May 13, 2022 |
   | Defendant. | Time: 10:30 a.m. |
18 | | Courtroom: 10A |
   | | Judge: Hon. Josephine L. Staton |

1

## NOTICE OF MOTION

2  TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF

3  RECORD:

4      PLEASE TAKE NOTICE that on Friday, May 13, 2022, at 10:30 a.m., or at

5  another time convenient for the Court, in Courtroom 10A of the Ronald Reagan

6  Federal Building and United States Courthouse at 411 West 4th Street, Santa Ana,

7  California, or in such manner as the Court directs, Defendant VIZIO, Inc. ("VIZIO")

8  will move this Court to dismiss Software Freedom Conservancy, Inc.'s ("SFC's")

9  complaint.

10      VIZIO makes this motion pursuant to Rule 12(b)(6) of the Federal Rules of

11  Civil Procedure on the grounds that: the causes of action alleged in the complaint

12  are preempted by the federal Copyright Act and SFC lacks standing to assert

13  exclusive rights under the Copyright Act because it is not an owner or an exclusive

14  licensee of the copyrights at issue.

15      This motion is based on this Notice of Motion, the accompanying

16  Memorandum of Points and Authorities, the pleadings in this case, all matters of

17  which the Court may take judicial notice, and any further briefing and argument in

18  support of this Motion.  This motion is made following the conference of counsel

19  pursuant to L.R. 7-3 which took place on November 29, 2021.  The parties were not

20  able to resolve the issues that would avoid the need for this Motion.

21  DATED:  December 6, 2021          QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
22

23                                    By   */s/ Michael E. Williams*
                                          _____
24                                        Michael E. Williams
                                          Daniel C. Posner
25                                        John Z. Yin
                                          Attorneys for Defendant,
26                                        VIZIO, Inc.

27

28

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS ................................................................................. 3

ARGUMENT ................................................................................................ 6

I.   SFC'S STATE-LAW CLAIMS ARE PREEMPTED BY THE
     COPYRIGHT ACT AND MUST BE DISMISSED ........................................... 6

     A.   The Subject Matter Of SFC's Claims Falls Within The Subject
          Matter Of Copyright Law .................................................................. 7

     B.   The Rights Asserted By SFC's Claims Are Equivalent To The
          Exclusive Rights Of A Copyright Holder ............................................. 8

          1.   SFC Alleges That VIZIO Violated Conditions Of The
               Open-Source Licenses, Which Are Governed By
               Copyright Law ......................................................................... 9

          2.   SFC's Claims Allege Violations Of Exclusive Rights
               Under Copyright Law ............................................................... 12

II.  SFC HAS NO RIGHT TO ASSERT ANY OF THE EXCLUSIVE
     RIGHTS UNDER COPYRIGHT LAW ......................................................... 14

III. SFC'S COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE
     TO AMEND ........................................................................................... 15

CONCLUSION .............................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Apple Computer, Inc. v. Formula Int'l Inc.*,
  725 F.2d 521 (9th Cir. 1984)...........................................................................7

*Artifex Software, Inc. v. Hancom, Inc.*,
  2017 WL 1477373 (N.D. Cal. Apr. 25, 2017) ...............................................12

*Atkinson v. Meta Platforms et al.*,
  2021 WL 5447022 (9th Cir. 2021).........................................................6, 8, 11

*Baldwin Park Free Speech Coal. v. City of Baldwin Park*,
  2021 WL 616288 (C.D. Cal. Feb. 17, 2021)...................................................16

*Beckington v. Am. Airlines, Inc.*,
  926 F.3d 595 (9th Cir. 2019)............................................................................7

*Bokenfohr v. Gladen*,
  828 F. App'x 485 (9th Cir. 2020) ....................................................................7

*Branch v. Tunnell*,
  14 F.3d 449 (9th Cir. 1994)..............................................................................4

*Dielsi v. Falk*,
  916 F. Supp. 985 (C.D. Cal. 1996)...................................................................9

*Fleet v. CBS, Inc.*,
  50 Cal. App. 4th 1911 (1996)......................................................................8, 11

*GECCMC 2005-C1 Plummer St. Off. Ltd. P'ship v. JPMorgan Chase Bank,
  Nat'l Ass'n*,
  671 F.3d 1027 (9th Cir. 2012)........................................................................15

*Gerritsen v. Warner Bros. Ent. Inc.*,
  112 F. Supp. 3d 1011 (C.D. Cal. 2015)............................................................4

*GlobeRanger Corp. v. Software AG US of America, Inc.*,
  836 F.3d 477 (5th Cir. 2016)..........................................................................13

*Grumpy Cat Ltd. v. Grenade Beverage LLC*,
  2018 WL 2448126 (C.D. Cal. May 31, 2018) .........................................10, 11

*Jacobsen v. Katzer*,
  535 F.3d 1373 (Fed. Cir. 2008)....................................................3, 9, 10, 11, 12

*Jacobsen v. Katzer*,
  609 F.Supp.2d 925 (N.D. Cal. 2009) ..............................................................13

*Kodadek v. MTV Networks, Inc.*,
  152 F.3d 1209 (9th Cir. 1998).........................................................................8

*Laws v. Sony Music Entertainment, Inc.*,
   448 F.3d 1134 (9th Cir. 2006)............................................................7, 11, 12

*LGS Architects, Inc. v. Concordia Homes*,
   434 F.3d 1150 (9th Cir. 2006)...................................................................9, 12

*Maloney v. T3Media, Inc.*,
   853 F.3d 1004 (9th Cir. 2017) ........................................................................7

*Meribear Prods., Inc. v. Vail*,
   2014 WL 12597609 (C.D. Cal. Aug. 5, 2014) ..........................................8, 11

*Miller v. Rykoff-Sexton*,
   845 F.2d 209 (9th Cir. 1988) ........................................................................15

*Nunes v. Ashcroft*,
   348 F.3d 815 (9th Cir. 2003) ........................................................................15

*Oracle Am., Inc. v. Google Inc.*,
   750 F.3d 1339 (Fed. Cir. 2014) ......................................................................7

*Righthaven LLC v. Hoehn*,
   716 F.3d 1166 (9th Cir. 2013) ......................................................................14

*Rodriguez v. Amazon.com Servs., Inc.*,
   2019 WL 8810386 (C.D. Cal. Dec. 17, 2019) .................................................3

*Ryoo Dental, Inc. v. Han*,
   2015 WL 4208580 (C.D. Cal. July 9, 2015) ...................................7, 8, 13, 15

*S.O.S., Inc. v. Payday, Inc.*,
   886 F.2d 1081 (9th Cir. 1989) ........................................................................9

*Silvers v. Sony Pictures Ent., Inc.*,
   402 F.3d 881 (9th Cir. 2005) ........................................................................14

*Tartan Films USA v. U2 Home Ent., Inc.*,
   2006 WL 8434411 (C.D. Cal. May 17, 2006) ...............................................15

*Tresona Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*,
   953 F.3d 638 (9th Cir. 2020)........................................................................14

## **Statutory Authorities**

17 U.S.C. § 101.................................................................................................7

17 U.S.C. § 106........................................................................................12, 13

17 U.S.C. § 117.................................................................................................7

17 U.S.C. § 301(a) ...........................................................................................7

17 U.S.C. § 501...............................................................................................14

## **<u>Rules and Regulations</u>**

Fed. R. Civ. P. 12(b)(6) ................................................................................ 6

## **<u>Treatises</u>**

3 *Nimmer on Copyright*, § 10.15[A] (2021) ............................................... 10

## **PRELIMINARY STATEMENT**

It is well-settled that the Copyright Act preempts state-law claims which assert rights equivalent to the exclusive rights protected by the Copyright Act. It is also well-settled that only the legal or beneficial owner of an exclusive right under a copyright has standing to sue to enforce the rights under copyright law. Plaintiff Software Freedom Conservancy, Inc.'s ("SFC's") complaint violates both these fundamental precepts and must be dismissed for failure to state a claim.

SFC contends that defendant VIZIO, Inc.'s ("VIZIO's") smart television products ("Smart TVs") use computer software that is governed by certain "open-source" copyright license agreements and that VIZIO has breached these copyright licenses. Specifically, SFC alleges that the license agreements require VIZIO to make its modified and proprietary computer source code available to the public but claims VIZIO has failed to do so. SFC makes these allegations even while admitting that VIZIO did, in fact, provide SFC with multiple versions of its source code prior to this lawsuit. SFC does not allege that it is the copyright owner of the computer software at issue. Instead, SFC sues in its capacity as a purchaser of VIZIO Smart TVs, asserting it is a putative "third-party beneficiary" of the open-source licenses that VIZIO has allegedly breached. SFC also seeks declaratory relief that VIZIO is obligated to make its source code available to the public pursuant to the terms and conditions of the open-source license agreements.

SFC's breach of contract and declaratory relief claims are squarely preempted by federal copyright law. State-law claims are preempted by the Copyright Act when they fall within the subject matter of copyright, and the rights asserted thereunder are equivalent to the exclusive rights protected by the Copyright Act. To avoid preemption, the state-law claim must contain an "extra element" that transforms the claim, making it "qualitatively different" from a copyright claim. Here, the subject matter of computer software is clearly within the subject matter of copyright. In addition, the rights SFC seeks to assert are equivalent to the exclusive

rights protected by copyright law.  SFC alleges that VIZIO has violated certain terms and conditions of the open-source license agreements at issue by installing and distributing the copyrighted open-source software in its Smart TVs without making the source code available to the public.  Dkt. 1-2 (Complaint) at ¶¶ 49-51. This alleged conduct—distributing software in a manner that exceeds the scope of a license—if true, gives rise to a claim for copyright infringement, not breach of contract.  Because the underlying allegations would give rise to a claim for copyright infringement, SFC's state-law claims assert rights that are equivalent to the exclusive rights protected by copyright law.  There is no "extra element" which transforms these claims into a "qualitatively different" claim from a copyright claim. As such, SFC's breach of contract and declaratory relief claims, both of which are based on the same underlying conduct, are preempted by the Copyright Act, and must be dismissed.

Nor could SFC assert a claim for copyright infringement because it lacks standing to enforce the terms of the GPL copyright licenses.  The Ninth Circuit has repeatedly held that only the legal or beneficial owner of exclusive rights protected by copyright law can sue to enforce those rights.  The author and host of the GPL licenses has taken the same position[1].  SFC does not allege (nor can it) that it is the owner of the copyright in the computer software at issue.  To the contrary, the complaint admits that SFC is suing as a purchaser of VIZIO's Smart TVs under a third-party beneficiary theory.  The Copyright Act, however, does not permit a third party consumer to sue to enforce a copyright license.  As such, SFC lacks standing

---

[1]  The GNU Project maintains and hosts the GPL licenses, and states the following in its "Frequently Asked Questions" section: **Who has the power to enforce the GPL?**  Since the GPL is a copyright license, the copyright holders of the software are the ones who have the power to enforce the GPL." https://www.gnu.org/licenses/gpl-faq.html#WhoHasThePower, cited at Dkt. 1-2, Ex. A (GPLv2); *see also* Dkt. 1-6 (citing the www.gnu.org website for the GPL licenses at issue).

1  to assert these rights against VIZIO.

2      Because SFC cannot plead around copyright preemption or its lack of

3  standing, leave to amend would be futile.  Accordingly, SFC's complaint should be

4  dismissed with prejudice.

5  **STATEMENT OF FACTS[2]**

6      VIZIO designs, markets, and sells Smart TVs.  SFC filed its complaint against

7  VIZIO in Orange County Superior Court on October 19, 2021 ("Complaint"),

8  alleging that VIZIO's Smart TVs contain computer software that are subject to the

9  GNU General Public License version 2 ("GPLv2") and GNU Lesser General Public

10  License version 2.1 ("LGPLv2.1") licenses.  (Dkt. 1-2 (Complaint) at ¶¶ 1, 37, 38.)

11  The GPLv2 and LGPLv2.1 licenses are general-purpose software licenses known as

12  "open-source" licenses.  (*Id.* at ¶ 15, 107-108.)  Open-source licenses are "used by

13  artists, authors, educators, software developers, and scientists who wish to create

14  collaborative projects and to dedicate certain works to the public." *Jacobsen v.*

15  *Katzer*, 535 F.3d 1373, 1378 (Fed. Cir. 2008).  "Open Source software projects

16  invite computer programmers from around the world to view software code and

17  make changes and improvements to it.  Through such collaboration, software

18  programs can often be written and debugged faster and at lower cost than if the

19  copyright holder were required to do all of the work independently." *Id.* at 1378-79.

20  ───────────────

21  [2]  The alleged facts included in SFC's complaint are "assumed to be true for
purposes of the motion [to dismiss]." *Rodriguez v. Amazon.com Servs., Inc.*, 2019

22  WL 8810386, at *1 (C.D. Cal. Dec. 17, 2019).  VIZIO reserves the right to
challenge these allegations to the extent this case proceeds past the pleading stage.

23  To be clear, VIZIO denies SFC's suggestion that it has violated any terms or

24  conditions of the licenses at issue.  Indeed, SFC admits that VIZIO has provided
SFC with ***multiple versions of the source code*** at issue but SFC was not satisfied

25  with what was provided.  (Dkt. 1-2 (Complaint) at ¶¶ 55-62).  Notably, VIZIO is

26  unaware of any owners of copyrights in the open-source software at issue—the
parties who actually have the rights to enforce the terms of these licenses—ever

27  asserting that VIZIO is acting in violation of the license conditions.

28

SFC does not claim to be the copyright owner of the computer software at issue, but rather claims to be suing VIZIO under a breach of contract theory as a purported "third-party beneficiary" of the GPLv2 and LGPLv2.1 licenses. (Dkt. 1-2 (Complaint) at ¶¶ 8, 100-101, 103, 116.) SFC also sues for declaratory relief based on the same conduct underlying the breach of contract allegations. (*Id.* at ¶¶ 127-134.)

Specifically, SFC alleges that VIZIO's operating system used in its Smart TVs, called SmartCast, links to programs that are subject to the GPLv2 license (*e.g.*, "The Linux kernel"), as well as programs that are subject to the LGPLv2.1 license (*e.g.*, "The GNU C Library"). (*Id.* at ¶¶ 37, 38, 52.) SFC admits these programs are found in many devices today, including ones that VIZIO neither designs nor sells. For example, SFC alleges the Linux kernel is "commonly embedded in hardware devices, such as routers and smart TVs," and a modified version of which "is used by the highly popular Android platform for mobile devices." (*Id.* at ¶ 41.)

According to SFC, one of the terms and conditions of the GPLv2 and LGPLv2.1 licenses is that "the licensee must accompany the executable software with either (a) the source code corresponding to the executable software, or (b) a written offer to provide such source code on demand." (*Id.* at ¶ 94.) SFC alleges that VIZIO failed to fulfill this condition. (*Id.* at ¶ 52.)

The complaint attaches the GPLv2 and LGPLv2.1 license agreements as exhibits, permitting the Court to consider their terms on a motion to dismiss. *See Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1022, n.48 (C.D. Cal. 2015) ("a court may consider 'material which is properly submitted as part of the complaint' on a motion to dismiss," citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)). The terms and conditions of the GPLv2 and LGPLv2.1 licenses at issue here recite the following pertinent language:

**TERMS AND CONDITIONS FOR COPYING, DISTRIBUTION AND MODIFICATION**

**0.** … The "Program", below, refers to any such program or work, and a "work based on the Program" means either the Program or any ***derivative work under copyright law:***

…

**3.** You may copy and distribute the Program (or a work based on it, under Section 2) in object code or executable form under the terms of Sections 1 and 2 above ***provided that*** you also do one of the following:

> **a)** Accompany it with the complete corresponding machine-readable source code, which must be distributed under the terms of Sections 1 and 2 above on a medium customarily used for software interchange; or,

> **b)** Accompany it with a written offer, valid for at least three years, to give any third party, for a charge no more than your cost of physically performing source distribution, a complete machine-readable copy of the corresponding source code, to be distributed under the terms of Sections 1 and 2 above on a medium customarily used for software interchange; . . .

(*See* Dkt. 1-6 (Errata re: Complaint) at Ex. A (GPLv2), §§ 0, 3 (emphasis added).) Similar language is found in the LGPLv2.1 license as well. (*Id.* at Ex. B (LGPLv2.1), §§ 0, 4.)

For its breach of contract claim, SFC alleges that VIZIO's Smart TVs are not shipped "with the source code or object code corresponding to the executable program that links with [the copyrighted programs] or a written offer for such materials," in violation of the aforementioned terms and conditions. (*Id.* at ¶ 98.) SFC admits that VIZIO has provided SFC with several versions of the "source code corresponding to the Linux kernel used by the Vizio smart TV," but SFC contends these versions of the source code were insufficient to comply with the terms of the license agreements. (*Id.* at ¶¶ 55-63.) SFC purports to be "an intended third-party beneficiary of the GPLv2 and LGPLv2.1 between Vizio and the developers of the [copyrighted programs]," and alleges it has been "damaged in an amount that cannot

1  be readily determined." (*Id.* at ¶¶ 120, 126.)

2       For its declaratory relief claim, SFC alleges that VIZIO contends that it is (a)

3  "not obligated to provide purchasers … with the Source Code or a written offer for

4  same" under the GPLv2 and LGPLv2.1 licenses; (b) "not obligated under GPLv2

5  and LGPLv2.1 to maintain, on hand, for immediate distribution on request,

6  compilable versions of their Source Code for all existing Vizio smart TVs;" and (c)

7  "not obligated  under GPLv2 and LGPLv2.1 to do the same for all smart TVs" that

8  VIZIO sells in the future "based upon the Linux kernel." (*Id.* at ¶ 130.)

9       Both the GPLv2 and LGPLv2.1 licenses were created and maintained by the

10 GNU Project.  *See*, *e.g.*, Dkt. 1-6 (Errata re: Complaint), attaching the "GNU

11 General Public License v2.0" and the "GNU Lesser General Public License v2.1"

12 printed from the GNU Project website, at www.gnu.org.   In a page titled

13 "Frequently Asked Questions about the GNU Licenses," which is referenced in

14 SFC's originally-filed complaint, the GNU Project states that "[s]ince the GPL is a

15 copyright license, the copyright holders of the software are the ones who have the

16 power to enforce the GPL.  If you see a violation of the GPL, you should inform the

17 developers of the GPL-covered software involved…" https://www.gnu.org/licenses/

18 gpl-faq.html#WhoHasThePower.

19      VIZIO filed a notice of removal on November 29, 2021.  (Dkt. 1.)  This

20 motion seeks to dismiss SFC's complaint with prejudice for failure to state a claim

21 for relief.

22                              **ARGUMENT**

23 **I.    SFC'S STATE-LAW CLAIMS ARE PREEMPTED BY THE**

24        **COPYRIGHT ACT AND MUST BE DISMISSED**

25      A court may dismiss a complaint for "failure to state a claim upon which

26 relief can be granted."  Fed. R. Civ. P. 12(b)(6). "Dismissal is proper when a

27 complaint lacks 'a cognizable legal theory' or 'sufficient well-pleaded,

28 nonconclusory factual allegations' to state a plausible claim for relief." *Atkinson v.*

*Meta Platforms et al.*, 2021 WL 5447022, at *1 (9th Cir. 2021), citing *Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019).

Section 301 of the Copyright Act expressly preempts "all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . ." 17 U.S.C. § 301(a). "Under the Act, 'the owner of copyright . . . has the exclusive rights to do and to authorize' others to display, perform, reproduce or distribute copies of the work, and to prepare derivative works." *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006). "The copyright is the right to control the work, including the decision to make the work available to or withhold it from the public." *Id.*

"Copyright preemption is both explicit and broad[.]" *Bokenfohr v. Gladen*, 828 F. App'x 485, 486 (9th Cir. 2020). The Copyright Act preempts a state-law claim when: (1) "the 'subject matter' of the state law claim falls within the subject matter of copyright;" and (2) "the rights asserted under state law are equivalent to" the rights granted by the Copyright Act. *Ryoo Dental, Inc. v. Han*, No. SACV 15-308-JLS (RNBx), 2015 WL 4208580, at *2 (C.D. Cal. July 9, 2015); *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017). Both prongs are met here.

A.   **The Subject Matter Of SFC's Claims Falls Within The Subject Matter Of Copyright Law**

The computer software programs and source code at issue here fall within the "subject matter of copyright." *See* 17 U.S.C. §§ 101, 117 (definition of "computer program" in the Copyright Act; and copyright protection for the same); *see also*, *e.g.*, *Apple Computer, Inc. v. Formula Int'l Inc.*, 725 F.2d 521, 524 (9th Cir. 1984) (noting that federal copyright law was amended "to make it explicit that computer programs … are proper subject matter of copyright," citing legislative history of Copyright Act); *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1381 (Fed. Cir. 2014) ("It is undisputed that computer programs … can be subject to copyright protection as 'literary works.'"). As such, the computer programs and source code

1  used in VIZIO's Smart TVs are within the subject matter of copyright law.

2       **B.      The Rights Asserted By SFC's Claims Are Equivalent To The**

3            **Exclusive Rights Of A Copyright Holder**

4       If the state-law claims are within the subject matter of copyright, as they are

5  here, the next step is to determine whether the plaintiff is asserting rights that are

6  equivalent to the exclusive rights under copyright law.  "A right is equivalent to

7  rights within the exclusive province of copyright when it is infringed by the mere act

8  of reproducing, performing, distributing, or displaying the work at issue." *Fleet v.*

9  *CBS, Inc.*, 50 Cal. App. 4th 1911, 1918-24 (1996).  To survive preemption, "the

10  state claim must have an 'extra element' which changes the nature of the action."

11  *Atkinson*, 2021 WL 5447022 at *1; *see Meribear Prods., Inc. v. Vail*, 2014 WL

12  12597609, at *8 (C.D. Cal. Aug. 5, 2014) (the "mere presence of an additional

13  element" does not save a claim from preemption; instead, the "extra element must

14  transform the nature of the action").

15       Courts cannot rely merely on the list of elements for a cause of action to

16  determine whether the claim is preempted; rather, the Court must analyze the

17  allegations underlying the claims at issue to determine whether the claims as

18  pleaded are equivalent to a federal copyright claim.  *See, e.g.*, *Ryoo Dental*, 2015

19  WL 4208580 at *2-*4 (finding plaintiff's conversion, negligent interference with

20  prospective economic advantage, false advertising and unfair competition, unjust

21  enrichment and accounting claims to be preempted by the Copyright Act because

22  the conduct underlying these claims all arise from defendant's alleged copying or

23  reproduction of the copyrighted website); *Kodadek v. MTV Networks, Inc.*, 152 F.3d

24  1209, 1212-13 (9th Cir. 1998) (examining "the nature of [plaintiff's] unfair

25  competition claim" and finding preemption because the "complaint expressly bases

26  [the] unfair competition claim on rights granted by the Copyright Act," i.e., the

27  rights "to reproduce the copyrighted work in copies," "to prepare derivative works

28  based upon the copyrighted work," and "to distribute copies … to the public.");

*Dielsi v. Falk*, 916 F. Supp. 985, 992 (C.D. Cal. 1996) (finding plaintiff's state-law claim of negligence preempted because it "merely recharacterizes a copyright infringement claim as one for negligence," while the "essential allegation is still that Defendants unlawfully copied" the copyrighted ideas).

Here, the rights SFC purports to assert are equivalent to rights under copyright law, so its claims are preempted.

> ### 1.   SFC Alleges That VIZIO Violated Conditions Of The Open-Source Licenses, Which Are Governed By Copyright Law

SFC alleges that VIZIO copied, distributed, and modified the computer software programs at issue in violation of the terms and conditions of the open-source licenses.  Specifically, according to the complaint, VIZIO's installation and modification of the subject software in its Smart TVs and distribution of those Smart TVs to the public without making the source code available is a violation of the GPLv.2 and LGPLv.2 license agreements.  (Dkt. 1-2 (Complaint) at ¶¶ 92-103.)

Allegations that a licensee acted outside the scope of a copyright license gives rise to a claim for copyright infringement.  *LGS Architects, Inc. v. Concordia Homes*, 434 F.3d 1150, 1156 (9th Cir. 2006) ("When a licensee exceeds the scope of the license granted by the copyright holder, the licensee is liable for infringement."); *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1087 (9th Cir. 1989) ("A licensee infringes the owner's copyright if its use exceeds the scope of its license."). Whether the licensee's action exceeded the scope of the copyright license depends on the terms that are allegedly violated.  "[I]f the terms of [an open-source] License allegedly violated are both covenants and conditions, they may serve to limit the scope of the license and are governed by copyright law.  If they are merely covenants, by contrast, they are governed by contract law." *Jacobsen v. Katzer*, 535

F.3d 1373, 1380 (Fed. Cir. 2008).[3]   As the leading treatise on copyright law explains, "[i]f the grantee's violation consists of a failure to satisfy a condition to the grant (as distinguished from a breach of a covenant), it follows that the rights dependent on satisfaction of that condition have not been effectively granted, rendering any use by the grantee without authority from the grantor.   The legal consequence is that the grantee's conduct may constitute copyright infringement." 3 *Nimmer on Copyright* § 10.15[A] (2021).

In *Jacobsen*, the Federal Circuit, applying Ninth Circuit law, concluded that the open-source license agreements at issue there created ***conditions*** that limited the scope of the license and were therefore governed by copyright law.   The court noted that the open-source license "states on its face that the document creates conditions." *Jacobsen*, 535 F.3d at 1381 ("The intent of this document is to state the *conditions* under which a Package may be copied.") (emphasis in original).   The open-source license in *Jacobsen* also "not[es] that the rights to copy, modify, and distribute are granted '***provided that***' the conditions are met." *Id*.   The phrase "provided that," under California law, "typically denotes a condition." *Id.; see Grumpy Cat*, 2018 WL 2448126, at *7 (finding license term regarding covered products to be a condition rather than a covenant, thus giving rise to a copyright infringement claim).

Applying this analysis here, it is clear that the terms SFC contends VIZIO violated are ***conditions*** which limit the scope of the license, thus giving rise to a claim for copyright infringement.   For example, in both the GPLv2 and LGPLv2.1 license agreements, the terms SFC alleges VIZIO breached fall under the header "TERMS AND ***CONDITIONS*** FOR COPYING, DISTRIBUTION AND

---

[3]   "Under California law, 'a covenant is a promise to do or refrain from doing a specific act.   A condition is a qualification to the parties' obligations; if it occurs, the interest is terminated or enlarged.'" *Grumpy Cat Ltd. v. Grenade Beverage LLC*, 2018 WL 2448126, at *5 (C.D. Cal. May 31, 2018).

MODIFICATION."  (*See* Dkt. 1-6 (Errata re: Complaint) at Exs. A (GPLv2) and B (LGPLv2.1) (emphasis added).)  Likewise, both licenses preface the relevant terms with this statement: "The *precise terms and conditions* for copying, distribution and modification follow."  (*Id.* (emphasis added).)  Similarly, the sections containing the relevant terms in both licenses end with the words: "END OF TERMS AND *CONDITIONS*."

In addition, Section 3 of the GPLv2 license and Section 4 of the LGPLv2.1 license, which SFC accuses VIZIO of violating here, use the phrase "provided that" to denote a number of conditions, including that the distribution of any derivative work be accompanied by a "complete corresponding machine-readable source code" or "a written offer" of the same.  (*Id.* at Ex. A (GPLv2), Ex. B (LGPLv2.1), Dkt. 1-2 (Complaint) at ¶ 94).  As the court explained in *Jacobsen*, the term "provided that" "typically denotes a condition" under California law, thus giving rise to a claim for copyright infringement.  *See Jacobsen*, 535 F.3d at 1381.  Thus, the license terms SFC claims VIZIO violated are conditions of the license, not covenants, and any alleged violation of these terms is governed by copyright law, not contract law.  *See Jacobsen*, 535 F.3d at 1380; *Grumpy Cat*, 2018 WL 2448126, at *7.

In order to survive preemption, SFC's "state claim must have an 'extra element' which changes the nature of the action."  *Atkinson*, 2021 WL 5447022 at *1.  Moreover, the "mere presence of an additional element" does not save a claim from preemption; instead, the "extra element must transform the nature of the action."  *Laws*, 448 F.3d at 1143; *Meribear*, 2014 WL 12597609, at *8.

There is no "extra element" required by SFC's state-law claims which would transform them into "qualitatively different" claims.  SFC's claims rely upon alleged breaches of the license agreements which, if true, constitutes copyright infringement.  As such, SFC's state-law claims are equivalent to, not qualitatively different from, a copyright claim, and are thus preempted by the Copyright Act.  *See Fleet*, 50 Cal. App. 4th at 1918-24 ("A right is equivalent to rights within the

1  exclusive province of copyright when it is infringed by the mere act of reproducing,

2  performing, distributing, or displaying the work at issue.")[4].

3         **2.**      **SFC's Claims Allege Violations Of Exclusive Rights Under**

4                 **Copyright Law**

5        It is also clear that SFC's claims for breach of contract and declaratory relief

6  assert rights that are equivalent to the exclusive rights under copyright law.   The

7  Copyright Act provides the copyright owner with the exclusive rights to control the

8  copying and distribution of, and the creation of derivative works based on, the

9  copyright.   17 U.S.C. § 106.   According to SFC, VIZIO's use, modification, and

10  distribution of certain software programs violate the terms of the GPLv.2 and

11  LGPLv.2 license agreements relating to the copying, distribution, and modification

12  of the software.   (Dkt. 1-2 (Complaint) at ¶¶ 37-38, 92-93 ("If Vizio were not a

13  party to the [GPLv2/LGPLv2.1], it would have no rights to ***use or distribute*** any of

14  _____

15  [4]   Although in one case from the Northern District of California, a Magistrate Judge
concluded that a claim for violation of the GPL's open source requirement was not

16  preempted, that decision is not controlling here.  *Artifex Software, Inc. v. Hancom,
Inc.*, 2017 WL 1477373 (N.D. Cal. Apr. 25, 2017).  First, the court relied on the fact

17  that the defendant there ***did not meet its burden*** to "explain why the GPU GPL's

18  open source requirement is not the required extra element." *Id.* at *3.  Second, the
court did not address or explain how the GPL's open source requirement would

19  "transform the nature of the action" into a qualitatively different claim, which is
required to avoid preemption.  *Laws*, 448 F.3d at 1143.  Finally, the court did not

20  address the well-settled authority that exceeding the scope of a license by violating a

21  condition of the license gives rise to a claim for copyright infringement, not breach
of contract. *LGS Architects, Inc.*, 434 F.3d at 1156; *Jacobsen*, 535 F.3d at 1380;

22  3 *Nimmer on Copyright* § 10.15[A].  Here, in contrast, VIZIO has demonstrated the

23  "open source requirement" is a condition to the copyright license, which is governed
by copyright law, not contract law.  Because the alleged conduct underlying SFC's

24  claims would constitute copyright infringement, there is no extra element that

25  transforms the nature of the action into a qualitatively different claim.  At best, the
open-source requirement, though not "identical to the elements in a copyright

26  action," is "part and parcel of a copyright claim" by virtue of it being a condition of

27  the copyright license itself.  *Laws*, 448 F.3d at 1143.

28

these programs, or any ***modified versions*** thereof, at all.") (emphasis added).)  The terms that VIZIO allegedly violated are "for ***Copying, Distribution and Modification***" of the copyrighted computer programs (Dkt. 1-2 (Complaint) at ¶¶ 94-98, Dkt. 1-6 (Errata re: Complaint) at Exs. A, B), which are the ***exact*** same exclusive federal rights protected by the Copyright Act; namely, the exclusive rights to ***"reproduce," "distribute," and "prepare derivative works"*** of the copyrighted computer programs or source code.  17 U.S.C. § 106; *see Ryoo Dental*, 2015 WL 4208580 at *2-*4.

Again, *Jacobsen* is instructive.  There, the district court on remand from the Federal Circuit found that the plaintiff's "breach of contract claim alleges violations of the exact same exclusive federal rights protected by Section 106 of the Copyright Act, the exclusive right to reproduce, distribute and make derivative copies." *Jacobsen v. Katzer*, 609 F.Supp.2d 925, 933 (N.D. Cal. 2009).  The same is true here.  SFC's state-law claims assert equivalent rights over the same exclusive rights protected by federal copyright law.

As the court explained in *GlobeRanger Corp. v. Software AG US of America, Inc.*, "[c]opyright grants creators the exclusive right to copy their work, so this second requirement [for preemption] is met when the conduct for which the plaintiff is seeking protection under state law amounts to the copying that copyright law also proscribes."  836 F.3d 477, 484 (5th Cir. 2016).  "[A]llowing a state law to provide the same protection as copyright law would undermine the federal copyright system, which also requires public registration of the work before a lawsuit can be brought." *Id.*  Because SFC's state-law claims are based on the copying, distribution and modification of the computer software at issue, which are the exclusive rights under copyright law, its claims are preempted.

***In sum***, SFC's state-law claims of breach of contract and declaratory relief are preempted by the Copyright Act because they fall within the subject matter of copyright law, and are equivalent to the exclusive rights of copyright holders.

1  **II.     SFC HAS NO RIGHT TO ASSERT ANY OF THE EXCLUSIVE**

2          **RIGHTS UNDER COPYRIGHT LAW**

3          SFC did not assert a claim for copyright infringement based on the alleged

4  violations of the open source licenses, nor could it assert such a claim.  Under § 501

5  of the Copyright Act, only a party with an ownership interest in the copyright has

6  standing to sue.  *See Silvers v. Sony Pictures Ent., Inc.*, 402 F.3d 881, 890 (9th Cir.

7  2005) (*en banc*) ("a party that has no ownership interest has no standing to sue").

8  Specifically, only the "legal or beneficial owner of an exclusive right under a

9  copyright" has standing to sue for infringement of that right.  17 U.S.C. § 501(b);

10 *see Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1169 (9th Cir. 2013) (finding that

11 assignment of right to sue for infringement was insufficient to establish standing as

12 an exclusive owner under copyright law).  *Tresona Multimedia, LLC v. Burbank*

13 *High Sch. Vocal Music Ass'n*, 953 F.3d 638, 645 (9th Cir. 2020) (finding that a

14 licensee has no standing to sue unless granted exclusive rights by all owners of the

15 copyright).

16         The GNU Project, which created and maintained the open source licenses at

17 issue, has likewise stated that only "the copyright holders of the software are the

18 ones who have the power to enforce the GPL."[5]  "If you see a violation of the GPL,

19 you should inform the developers of the GPL-covered software involved."  *Id.*

20         SFC does not allege, nor does it purport to be, a legal or beneficial owner of

21 any of the exclusive rights in the copyrighted computer programs and source code

22 identified in its complaint.  Nor does SFC claim to be an exclusive licensee of any

23 rights in the copyrighted software granted by all of its owners.  Instead, it describes

24

25

26 [5]  *See* https://www.gnu.org/licenses/gpl-faq.html#WhoHasThePower, as referenced
   in copies of the GPLv2 and LGPLv2.1 licenses attached to the complaint (Dkt. 1-2)
27 and notice of errata (Dkt. 1-6).

28

itself as "a third-party beneficiary of the GPL" licenses[6].  (Dkt. 1-2 (Complaint) at ¶¶ 8, 116.)  Because SFC is neither an owner nor an exclusive licensee of any rights in the copyright, SFC lacks standing to assert any of the exclusive rights that are protected by the Copyright Act against VIZIO.

## III.   SFC'S COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

While leave to amend is liberally granted under ordinary circumstances, it need not be granted where amendment would be futile or legally insufficient.  *See Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988).  "Futility alone can justify the denial of a motion to amend."  *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003).

Here, any leave for SFC to amend its complaint would be futile because its claims are preempted by the Copyright Act, and because it lacks standing to bring copyright infringement actions, as explained above.  *See, e.g.*, *Ryoo Dental*, 2015 WL 4208580 at *5 (granting motion to dismiss "with prejudice" because "claim cannot be saved by amendment"); *Tartan Films USA v. U2 Home Ent., Inc.*, 2006 WL 8434411, at *2 (C.D. Cal. May 17, 2006) (denying leave to amend for lack of

---

[6]  Even assuming, *arguendo*, that the license terms allegedly violated are covenants, not conditions, of the GPL licenses (they are not), SFC would have no rights to enforce them as a third-party beneficiary.  A third-party beneficiary may only sue to enforce the terms of a contract when there is "clear intent" in the contract to benefit the third party.  *GECCMC 2005-C1 Plummer St. Off. Ltd. P'ship v. JPMorgan Chase Bank, Nat'l Ass'n*, 671 F.3d 1027, 1033 (9th Cir. 2012).  Otherwise, the third party is presumed to be "merely incidental beneficiaries" "whose rights are not judicially enforceable." *Id.* at 1033-34.  "This 'clear intent' hurdle is a high one.  It is not satisfied by a contract's recitation of interested constituencies, '[v]ague, hortatory pronouncements,' 'statement[s] of purpose,' explicit reference to a third party,' or even a showing that the contract 'operates to the [third parties'] benefit and was entered into with [them] 'in mind,'." *Id.* (internal citations omitted).  The GPLv2 and LGPLv2.1 licenses do not manifest a "clear intent" that SFC is an intended third-party beneficiary.  SFC does not allege any facts to show otherwise.

standing to sue under the Copyright Act); *Baldwin Park Free Speech Coal. v. City of Baldwin Park*, 2021 WL 616288, at \*2 (C.D. Cal. Feb. 17, 2021) (dismissing claim "for lack of standing, without leave to amend since any amendment would be futile on the merits").  Because these deficiencies cannot be remedied by artful pleading by SFC, there is no need, nor any basis, to grant leave to amend.  SFC's complaint should be dismissed with prejudice.

**CONCLUSION**

For the reasons set forth above, the Court should dismiss SFC's complaint with prejudice.

DATED:  December 6, 2021                Respectfully submitted,

                                        QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP

                                        By ____*/s/ Michael E. Williams*_____
                                            Michael E. Williams
                                            Daniel C. Posner
                                            John Z. Yin

                                            Attorneys for Defendant.
                                            VIZIO, Inc.