Richard G. Sanders, Esq. (SBN: 209617)
rick@ricksanderslaw.com
**RICHARD G. SANDERS, PLLC**
605 Berry Road, Suite A
Nashville, TN 37204-2801
(615) 734-1188 | Fax: (615) 250-9807

— *and* —

Sa'id Vakili, Esq. (SBN: 176322)
vakili@vakili.com
David N. Schultz, Esq. (SBN: 123094)
Schu1984@yahoo.com
John A. Schlaff, Esq. (SBN: 135748)
john.schlaff@gmail.com
Stephen P. Hoffman, Esq. (SBN: 287075)
hoffman@vakili.com
**VAKILI & LEUS, LLP**
3701 Wilshire Blvd., Suite 1135
Los Angeles, CA 90010-2822

(213) 380-6010 | Fax: (213) 380-6051

*Attorneys for Plaintiff Software Freedom Conservancy, Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFTWARE FREEDOM CONSERVANCY, INC., a New York non-profit corporation, | ) Case No.: 8:21-cv-01943-JLS-KES |
| | ) |
| | ) **PLAINTIFF SFC'S EVIDENTIARY** |
| Plaintiff, | ) **OBJECTIONS TO VIZIO'S** |
| | ) **OPPOSITION TO PLAINTIFF'S** |
| | ) **MOTION FOR REMAND, THE** |
| v. | ) **DECLARATION OF MICHAEL E.** |
| | ) **WILLIAMS, AND EXHIBITS** |
| VIZIO, INC., a California corporation; and DOES 1 to 50, inclusive, | ) **THERETO** |
| | ) |
| | ) Date:       May 27, 2022 |
| Defendants. | ) Time:       10:30 a.m. |
| | ) Place:      Courtroom 10A |
| | ) Judge:      Hon. Josephine L. Staton |
| | ) |

1

# I.    INTRODUCTION

Plaintiff Software Freedom Conservancy, Inc. ("SFC" or "Plaintiff") hereby objects to specific portions the Declaration of Michael E. Williams ("Williams Declaration"), specific exhibits submitted therewith in support of Defendant Vizio, Inc.'s ("Vizio") Opposition to Plaintiff's Motion to Remand ("Opposition"), as well as specific portions of Vizio's Opposition relating to those portions of the Williams Declaration and the specific exhibits thereto, as set forth below:

# II.    WILLIAMS' DECLARATION AND EXHIBITS

| # | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 1 | Williams Decl., ¶ 3 | This material describes and refers to confidential settlement communications (submitted as Exh. "2" thereto) between SFC and Vizio submitted by Vizio in an attempt to (1) disprove the validity of a disputed claim or (2) impeach by a prior inconsistent statement or a purported contradiction, and is thus inadmissible. (Fed. R. Evid. 408(a).)[1] |
|   |   | The communications referenced identify Vizio's violations of and noncompliance with the GNU General Public License version 2 ("GPLv2") including, but not limited to, Vizio's distribution of a modified Linux kernel without providing the complete source code (or a written offer for same), which unambiguously violates the Source Code Provision. SFC thereafter offers to reinstate Vizio's rights to distribute the software and resolve these issues informally by working collaboratively with SFC to achieve Vizio's full compliance. |
|   |   | As Vizio offers this material as disputing the validity of SFC's claims in this Action or, alternatively, attempts to use this material as a prior inconsistent statement as to the legal grounds for |

---

[1] Unless indicated otherwise, the terms "Rule" or "Rules" used herein refer to the Federal *Rules of Evidence*.

| | | SFC's claims in this Action, this material is inadmissible. (Fed. R. Evid. 408(a).) |
|---|---|---|
| | | Moreover, this material does not tend to make the existence of any fact that is of consequence to this Action more or less probable. (Fed. R. Evid. 402.) Indeed, it does not dispute practically any facts at all at issue in this Action, as the communications by Vizio do not dispute that (1) that noncompliance with the GPLv2's Source Code Provision would violate the GPLv2 and result in the automatic termination of any rights thereby held by Vizio, (2) that the Vizio smart televisions referenced in fact failed to comply with the Source Code Provision, (3) that Vizio's failure to comply with the Source Code Provision terminated any rights Vizio may have had under the GPLv2. Instead, Vizio attempts to use this material as proof that SFC's legal positions in this Action are inconsistent with its prior positions, despite the fact that a party's specific legal theory does not constitute a "fact," make the existence of such "fact" more or less probable, or that the existence of such "fact" is of consequence to this Action. (Fed. R. Evid. 402.) |
| 2 | Williams Decl., Exh. "2" | This material shows and constitutes confidential settlement communications between SFC and Vizio submitted by Vizio in an attempt to (1) disprove the validity of a disputed claim or (2) impeach by a prior inconsistent statement or a purported contradiction, and is thus inadmissible. (Fed. R. Evid. 408(a).) |
| | | The communications referenced identify Vizio's violations of and noncompliance with the GNU General Public License version 2 ("GPLv2") including, but not limited to, Vizio's distribution of a modified Linux kernel without providing the complete source code (or a written offer for same), which unambiguously violates the Source Code Provision. SFC thereafter offers to reinstate Vizio's rights to distribute the software and resolve these issues informally by working collaboratively with SFC to achieve Vizio's full compliance. |

3

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MICHAEL E. WILLIAMS, EXHIBITS THERETO, AND VIZIO'S OPPOSITION TO MOTION FOR REMAND

| | | |
|---|---|---|
| | | s Vizio offers this material as disputing the validity of SFC's claims in this Action or, alternatively, attempts to use this material as a prior inconsistent statement as to the legal grounds for SFC's claims in this Action, this material is inadmissible. (Fed. R. Evid. 408(a).)

Moreover, this material does not tend to make the existence of any fact that is of consequence to this Action more or less probable. (Fed. R. Evid. 402.) Indeed, it does not dispute practically any facts at all at issue in this Action, as the communications by Vizio do not dispute that (1) that noncompliance with the GPLv2's Source Code Provision would violate the GPLv2 and result in the automatic termination of any rights thereby held by Vizio, (2) that the Vizio smart televisions referenced in fact failed to comply with the Source Code Provision, (3) that Vizio's failure to comply with the Source Code Provision terminated any rights Vizio may have had under the GPLv2. Instead, Vizio attempts to use this material as proof that SFC's legal positions in this Action are inconsistent with its prior positions, despite the fact that a party's specific legal theory does not constitute a "fact," make the existence of such "fact" more or less probable, or that the existence of such "fact" is of consequence to this Action. (Fed. R. Evid. 402.) |
| 3 | Williams Decl., ¶ 5 | This material describes and refers to confidential settlement communications (submitted as Exh. "4" thereto) between SFC and Vizio submitted by Vizio in an attempt to (1) disprove the validity of a disputed claim or (2) impeach by a prior inconsistent statement or a purported contradiction, and is thus inadmissible. (Fed. R. Evid. 408(a).)

The communications describe the collaborative work between SFC and Vizio to achieve Vizio's full compliance with the GPLv2 as described in the previous section, including Vizio's attempted (but unsuccessful) production of a compliant source code candidate to comply with the Source Code Provision. Upon Vizio's counsel briefly (and blithely) providing |

4

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MICHAEL E. WILLIAMS, EXHIBITS THERETO, AND VIZIO'S OPPOSITION TO MOTION FOR REMAND

SFC with vague assurances that Vizio would provide additional information on their own desired timeline, SFC's then-outside counsel advised Vizio that, if Vizio did not wish to fully comply with the GPLv2, the parties could discuss settlement terms in connection with Vizio's then-existing violations of the GPLv2.  In a later communication, Vizio's counsel assured SFC that it would continue working with and cooperating with SFC to achieve compliance under the GPLv2.

As these communications make clear, both SFC and Vizio intended to work collaboratively to resolve Vizio's noncompliance privately—precisely the sort of activity that Rule 408(a) was meant to protect by rendering compromise negotiations inadmissible.

As Vizio offers this material as disputing the validity of SFC's claims in this Action or, alternatively, attempts to use this material as a prior inconsistent statement as to the legal grounds for SFC's claims in this Action, this material is inadmissible.  (Fed. R. Evid. 408(a).)

Moreover, this material does not tend to make the existence of any fact that is of consequence to this Action more or less probable.  (Fed. R. Evid. 402.) Indeed, it does not dispute practically any facts at all at issue in this Action, as the communications by Vizio do not dispute that (1) that noncompliance with the GPLv2's Source Code Provision would violate the GPLv2 and result in the automatic termination of any rights thereby held by Vizio, (2) that the Vizio smart televisions referenced in fact failed to comply with the Source Code Provision, (3) that Vizio's failure to comply with the Source Code Provision terminated any rights Vizio may have had under the GPLv2. Instead, Vizio attempts to use this material as proof that SFC's legal positions in this Action are inconsistent with its prior positions, despite the fact that a party's specific legal theory does not constitute a "fact," make the existence of such "fact" more or less

5

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MICHAEL E. WILLIAMS, EXHIBITS THERETO, AND VIZIO'S OPPOSITION TO MOTION FOR REMAND

| | | |
|---|---|---|
| | | probable, or that the existence of such "fact" is of consequence to this Action. (Fed. R. Evid. 402.) |
| 4 | Williams Decl., Exh. "4" | This material shows and constitutes confidential settlement communications between SFC and Vizio submitted by Vizio in an attempt to (1) disprove the validity of a disputed claim or (2) impeach by a prior inconsistent statement or a purported contradiction, and is thus inadmissible. (Fed. R. Evid. 408(a).)<br><br>The communications describe the collaborative work between SFC and Vizio to achieve Vizio's full compliance with the GPLv2 as described in the previous section, including Vizio's attempted (but unsuccessful) production of a compliant source code candidate to comply with the Source Code Provision. Upon Vizio's counsel briefly (and blithely) providing SFC with vague assurances that Vizio would provide additional information on their own desired timeline, SFC's then-outside counsel advised Vizio that, if Vizio did not wish to fully comply with the GPLv2, the parties could discuss settlement terms in connection with Vizio's then-existing violations of the GPLv2.  In a later communication, Vizio's counsel assured SFC that it would continue working with and cooperating with SFC to achieve compliance under the GPLv2.<br><br>As these communications make clear, both SFC and Vizio intended to work collaboratively to resolve Vizio's noncompliance privately—precisely the sort of activity that Rule 408(a) was meant to protect by rendering compromise negotiations inadmissible.<br><br>As Vizio offers this material as disputing the validity of SFC's claims in this Action or, alternatively, attempts to use this material as a prior inconsistent statement as to the legal grounds for SFC's claims in this Action, this material is inadmissible. (Fed. R. Evid. 408(a).)<br><br>Moreover, this material does not tend to make the existence of any fact that is of consequence to this |

6

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MICHAEL E. WILLIAMS, EXHIBITS THERETO, AND VIZIO'S OPPOSITION TO MOTION FOR REMAND

| | | |
|---|---|---|
| | | Action more or less probable.  (Fed. R. Evid. 402.) Indeed, it does not dispute practically any facts at all at issue in this Action, as the communications by Vizio do not dispute that (1) that noncompliance with the GPLv2's Source Code Provision would violate the GPLv2 and result in the automatic termination of any rights thereby held by Vizio, (2) that the Vizio smart televisions referenced in fact failed to comply with the Source Code Provision, (3) that Vizio's failure to comply with the Source Code Provision terminated any rights Vizio may have had under the GPLv2. Instead, Vizio attempts to use this material as proof that SFC's legal positions in this Action are inconsistent with its prior positions, despite the fact that a party's specific legal theory does not constitute a "fact," make the existence of such "fact" more or less probable, or that the existence of such "fact" is of consequence to this Action.  (Fed. R. Evid. 402.) |
| 5 | Williams Decl., ¶ 6 | This material describes and refers to a purported series of photographs offered by Vizio (submitted as Exh. "5" thereto).    However, Vizio has not established: (1) Williams' competence as the declaring witness (Rule 602); (2) a proper foundation (Rule 602); (3) relevance (Rule 401); (4) proper authentication (Rule 901(a)); (5) that some exception to the hearsay rule applies to render them admissible (Rule 802); and (6) that its probative value is not substantially outweighed by a danger of unfair prejudice, confusing the issues, causing undue delay, or wasting time (Rule 403).  Accordingly, the evidence is inadmissible and must be excluded. |
| | | The facts in support of this objection include that the Williams Declaration represents that this exhibit "provides a collection of screenshots taken from a VIZIO television showing step-by-step navigation to the 'License List' menu on the user interface of the television."    However, it fails to establish that Williams is a competent declarant, as it provides no information as to whether Williams has sufficient |

7

personal knowledge regarding the photographs.

Moreover, neither the Williams Declaration nor the exhibit itself, *inter alia*, state where or when the photographs were taken, identify the photographer, identify the model of the Vizio television purportedly photographed, or show that Williams is a competent declarant testifying based on personal knowledge. Without such information, Vizio has not laid a proper foundation for the evidence, and the evidence must therefore be excluded. (*See, e.g.*, *Dwyer v. City of Chico*, 2021 U.S. Dist. LEXIS 69545, at *14 (E.D. Cal. Apr. 9) (photos lacked foundation in that they were undated and did not identify the photographer, rendering them inadmissible).) This lack of information also prevents Vizio from properly authenticating the evidence, which is yet another basis for its inadmissibility. (*See, e.g.*, *Unicolors Inc. v. Connection 18*, 2016 U.S. Dist. LEXIS 204525, at *12 n.6 (C.D. Cal. Aug. 15) ("Defendant's proffered photos are inadmissible since no one authenticated the proffered photos or provided any foundation; rather, they were introduced only in the body of Defendant's Opposition.").)

In addition, Vizio expressly offers the evidence for the truth of the matter asserted—that, contrary to SFC's allegations, Vizio televisions do in fact provide a written offer to produce source code:

> For example, SFC alleges that "none of the smart TVs that Vizio has introduced to the U.S. market" included "a written offer to provide [the] Source Code on demand." Dkt. 1-2 (Compl.) at ¶ 99. To the contrary, VIZIO shipped its smart TVs with an express written offer embedded in their user interface:
>
> > Your VIZIO SmartCastTM device may contain executable codes and libraries that are subject to the terms of the GNU General Public License

8

(GPL), GNU Lesser General Public License (LGPL), AFLv2.1, BSD License, RabbitMQ/Mozilla Public License v1.1 and other open source licenses.   VIZIO offers to provide applicable source code upon request for a processing fee covering the cost of fulfilling the distribution, such as the cost of the medium used and shipping and handling.   To make a request, please contact VIZIO at support.vizio.com.

Williams Decl., Ex. 5 (License List).

(Oppo., ¶¶ 6:10-24 (emphasis omitted).)   As this constitutes an out-of-court statement to prove the truth of the matter asserted, it is hearsay, and Vizio provides no basis for any exception or exemption from the hearsay rule to apply.

Next, Vizio has not established the evidence's relevance to the current Action.   The portion of Vizio's Opposition quoted immediately *supra* disputes SFC's purported "allegation" that "'none of the smart TVs that Vizio has introduced to the U.S. market' included 'a written offer to provide [the] Source Code on demand.'"   (*Id.* (*citing* Vizio Complaint, ¶ 99).) However, SFC qualified this allegation as "[u]pon information and belief" based on its *actual* (and thorough) analysis of three specific models of Vizio smart televisions.   (*See* Vizio Complaint, ¶¶ 97-99.) Vizio's purported evidence, which, even if accurate, would simply provide one counterexample to SFC's general contention and would not significantly change the calculus.

Furthermore, even if the evidence were deemed relevant and admitted, its probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, causing undue delay, or wasting time.   For example, the trier of fact may, like Vizio apparently has, confuse providing a

9

| | | counterexample to a general contention with disproving the contention, or may unfairly prejudice SFC by relying on this confusion in reaching a verdict. Similarly, the evidence's lack of any substantive effect on the issues here—which would be nominal at best—would only force SFC to incur significant costs and waste time in pursuing further motion practice to exclude the evidence on the multiple other bases described above, as well as any further bases which may be learned during the course of this litigation. |
|---|---|---|
| 6 | Williams Decl., Exh. "5" | This material purportedly shows a series of photographs offered by Vizio (submitted as Exh. "5" thereto).  However, Vizio has not established: (1) Williams' competence as the declaring witness (Rule 602); (2) a proper foundation (Rule 602); (3) relevance (Rule 401); (4) proper authentication (Rule 901(a)); (5) that some exception to the hearsay rule applies to render them admissible (Rule 802); and (6) that its probative value is not substantially outweighed by a danger of unfair prejudice, confusing the issues, causing undue delay, or wasting time (Rule 403). Accordingly, the evidence is inadmissible and must be excluded. |
| | | The facts in support of this objection include that the Williams Declaration represents that this exhibit "provides a collection of screenshots taken from a VIZIO television showing step-by-step navigation to the 'License List' menu on the user interface of the television."  However, it fails to establish that Williams is a competent declarant, as it provides no information as to whether Williams has sufficient personal knowledge regarding the photographs. |
| | | Moreover, neither the Williams Declaration nor the exhibit itself, *inter alia*, state where or when the photographs were taken, identify the photographer, identify the model of the Vizio television purportedly photographed, or show that Williams is a competent declarant testifying based on personal knowledge. Without such information, Vizio has not laid a proper |

foundation for the evidence, and the evidence must therefore be excluded. (*See, e.g.*, *Dwyer v. City of Chico*, 2021 U.S. Dist. LEXIS 69545, at *14 (E.D. Cal. Apr. 9) (photos lacked foundation in that they were undated and did not identify the photographer, rendering them inadmissible).) This lack of information also prevents Vizio from properly authenticating the evidence, which is yet another basis for its inadmissibility. (*See, e.g.*, *Unicolors Inc. v. Connection 18*, 2016 U.S. Dist. LEXIS 204525, at *12 n.6 (C.D. Cal. Aug. 15) ("Defendant's proffered photos are inadmissible since no one authenticated the proffered photos or provided any foundation; rather, they were introduced only in the body of Defendant's Opposition.").)

In addition, Vizio expressly offers the evidence for the truth of the matter asserted—that, contrary to SFC's allegations, Vizio televisions do in fact provide a written offer to produce source code:

> For example, SFC alleges that "none of the smart TVs that Vizio has introduced to the U.S. market" included "a written offer to provide [the] Source Code on demand." Dkt. 1-2 (Compl.) at ¶ 99. To the contrary, VIZIO shipped its smart TVs with an express written offer embedded in their user interface:
>
> > Your VIZIO SmartCastTM device may contain executable codes and libraries that are subject to the terms of the GNU General Public License (GPL), GNU Lesser General Public License (LGPL), AFLv2.1, BSD License, RabbitMQ/Mozilla Public License v1.1 and other open source licenses. VIZIO offers to provide applicable source code upon request for a processing fee covering the cost of fulfilling the distribution, such as

11

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MICHAEL E. WILLIAMS, EXHIBITS THERETO, AND VIZIO'S OPPOSITION TO MOTION FOR REMAND

the cost of the medium used and shipping and handling.  To make a request, please contact VIZIO at support.vizio.com.

Williams Decl., Ex. 5 (License List).

(Oppo., ¶¶ 6:10-24 (emphasis omitted).)  As this constitutes an out-of-court statement to prove the truth of the matter asserted, it is hearsay, and Vizio provides no basis for any exception or exemption from the hearsay rule to apply.

Next, Vizio has not established the evidence's relevance to the current Action.  The portion of Vizio's Opposition quoted immediately *supra* disputes SFC's purported "allegation" that "'none of the smart TVs that Vizio has introduced to the U.S. market' included 'a written offer to provide [the] Source Code on demand.'"  (*Id.* (*citing* Vizio Complaint, ¶ 99).)  However, SFC qualified this allegation as "[u]pon information and belief" based on its *actual* (and thorough) analysis of three specific models of Vizio smart televisions.  (*See* Vizio Complaint, ¶¶ 97-99.)  Vizio's purported evidence, which, even if accurate, would simply provide one counterexample to SFC's general contention and would not significantly change the calculus.

Furthermore, even if the evidence were deemed relevant and admitted, its probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, causing undue delay, or wasting time.  For example, the trier of fact may, like Vizio apparently has, confuse providing a counterexample to a general contention with disproving the contention, or may unfairly prejudice SFC by relying on this confusion in reaching a verdict.  Similarly, the evidence's lack of any substantive effect on the issues here—which would be nominal at best— would only force SFC to incur significant costs and waste time in pursuing further motion practice to exclude the evidence on the multiple other bases

12

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MICHAEL E. WILLIAMS, EXHIBITS THERETO, AND VIZIO'S OPPOSITION TO MOTION FOR REMAND

| | | |
|---|---|---|
| | | described above, as well as any further bases which may be learned during the course of this litigation. |
| 7 | Williams Decl., ¶ 8 | This material describes and refers to confidential settlement communications (submitted as Exh. "7" thereto) between SFC and Vizio submitted by Vizio in an attempt to (1) disprove the validity of a disputed claim or (2) impeach by a prior inconsistent statement or a purported contradiction, and is thus inadmissible. (Fed. R. Evid. 408(a).)

The communications describe the collaborative work between SFC and Vizio to achieve Vizio's full compliance with the GPLv2 and shows several emails between SFC and Vizio relating to the sixth (and most recent) source code candidate provided by Vizio over the period of November 13 to 27, 2019.

In these emails, Vizio requests clarification from SFC on the sixth candidate as to whether a specific category of information was being sought by SFC. In response, SFC notes a past instance where the organization settled litigation against another smart TV manufacturer, Samsung—presumably referring to the *BusyBox* litigation—because Samsung provided the information requested by SFC with its source code candidate, and SFC further indicates that such information is *necessary* to any private resolution or settlement of Vizio's noncompliance with the GPLv2.

As these communications make clear, both SFC and Vizio intended to work collaboratively to resolve Vizio's noncompliance privately—precisely the sort of activity that Rule 408(a) was meant to protect by rendering compromise negotiations inadmissible.

As Vizio offers this material as disputing the validity of SFC's claims in this Action or, alternatively, attempts to use this material as a prior inconsistent statement as to the legal grounds for SFC's claims in this Action, this material is inadmissible. (Fed. R. Evid. 408(a).)

Moreover, this material does not tend to make the |

13

| | | |
|---|---|---|
| | | existence of any fact that is of consequence to this Action more or less probable. (Fed. R. Evid. 402.) Indeed, it does not dispute practically any facts at all at issue in this Action, as the communications by Vizio do not dispute that (1) that noncompliance with the GPLv2's Source Code Provision would violate the GPLv2 and result in the automatic termination of any rights thereby held by Vizio, (2) that the Vizio smart televisions referenced in fact failed to comply with the Source Code Provision, (3) that Vizio's failure to comply with the Source Code Provision terminated any rights Vizio may have had under the GPLv2. Instead, Vizio attempts to use this material as proof that SFC's legal positions in this Action are inconsistent with its prior positions, despite the fact that a party's specific legal theory does not constitute a "fact," make the existence of such "fact" more or less probable, or that the existence of such "fact" is of consequence to this Action. (Fed. R. Evid. 402.) |
| 8 | Williams Decl., Exh. "7" | This material shows confidential settlement communications between SFC and Vizio submitted by Vizio in an attempt to (1) disprove the validity of a disputed claim or (2) impeach by a prior inconsistent statement or a purported contradiction, and is thus inadmissible. (Fed. R. Evid. 408(a).) |
| | | The communications describe the collaborative work between SFC and Vizio to achieve Vizio's full compliance with the GPLv2 and shows several emails between SFC and Vizio relating to the sixth (and most recent) source code candidate provided by Vizio over the period of November 13 to 27, 2019. |
| | | In these emails, Vizio requests clarification from SFC on the sixth candidate as to whether a specific category of information was being sought by SFC. In response, SFC notes a past instance where the organization settled litigation against another smart TV manufacturer, Samsung—presumably referring to the *BusyBox* litigation—because Samsung provided the information requested by SFC with its source code |

14

candidate, and SFC further indicates that such information is *necessary* to any private resolution or settlement of Vizio's noncompliance with the GPLv2.

As these communications make clear, both SFC and Vizio intended to work collaboratively to resolve Vizio's noncompliance privately—precisely the sort of activity that Rule 408(a) was meant to protect by rendering compromise negotiations inadmissible.

As Vizio offers this material as disputing the validity of SFC's claims in this Action or, alternatively, attempts to use this material as a prior inconsistent statement as to the legal grounds for SFC's claims in this Action, this material is inadmissible.  (Fed. R. Evid. 408(a).)

Moreover, this material does not tend to make the existence of any fact that is of consequence to this Action more or less probable.  (Fed. R. Evid. 402.)  Indeed, it does not dispute practically any facts at all at issue in this Action, as the communications by Vizio do not dispute that (1) that noncompliance with the GPLv2's Source Code Provision would violate the GPLv2 and result in the automatic termination of any rights thereby held by Vizio, (2) that the Vizio smart televisions referenced in fact failed to comply with the Source Code Provision, (3) that Vizio's failure to comply with the Source Code Provision terminated any rights Vizio may have had under the GPLv2.  Instead, Vizio attempts to use this material as proof that SFC's legal positions in this Action are inconsistent with its prior positions, despite the fact that a party's specific legal theory does not constitute a "fact," make the existence of such "fact" more or less probable, or that the existence of such "fact" is of consequence to this Action.  (Fed. R. Evid. 402.)

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MICHAEL E. WILLIAMS, EXHIBITS THERETO, AND VIZIO'S OPPOSITION TO MOTION FOR REMAND

## III.   VIZIO OPPOSITION

| # | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 9 | Oppo., ¶¶ 5:11-21 | This material describes and refers to confidential settlement communications (submitted as Exh. "2" to the Williams Declaration) between SFC and Vizio submitted by Vizio in an attempt to (1) disprove the validity of a disputed claim or (2) impeach by a prior inconsistent statement or a purported contradiction, and is thus inadmissible. (Fed. R. Evid. 408(a).) |
| | | The communications referenced identify Vizio's violations of and noncompliance with the GNU General Public License version 2 ("GPLv2") including, but not limited to, Vizio's distribution of a modified Linux kernel without providing the complete source code (or a written offer for same), which unambiguously violates the Source Code Provision. SFC thereafter offers to reinstate Vizio's rights to distribute the software and resolve these issues informally by working collaboratively with SFC to achieve Vizio's full compliance. |
| | | As Vizio offers this material as disputing the validity of SFC's claims in this Action or, alternatively, attempts to use this material as a prior inconsistent statement as to the legal grounds for SFC's claims in this Action, this material is inadmissible. (Fed. R. Evid. 408(a).) |
| | | Moreover, this material does not tend to make the existence of any fact that is of consequence to this Action more or less probable.  (Fed. R. Evid. 402.) Indeed, it does not dispute practically any facts at all at issue in this Action, as the communications by Vizio do not dispute that (1) that noncompliance with the GPLv2's Source Code Provision would violate the GPLv2 and result in the automatic termination of any rights thereby held by Vizio, (2) that the Vizio smart televisions referenced in fact failed to comply with the Source Code Provision, (3) that Vizio's failure to |

| | | |
|---|---|---|
| | | comply with the Source Code Provision terminated any rights Vizio may have had under the GPLv2. Instead, Vizio attempts to use this material as proof that SFC's legal positions in this Action are inconsistent with its prior positions, despite the fact that a party's specific legal theory does not constitute a "fact," make the existence of such "fact" more or less probable, or that the existence of such "fact" is of consequence to this Action.  (Fed. R. Evid. 402.) |
| 10 | Oppo., ¶¶ 5:22-27 | This material describes and refers to confidential settlement communications (submitted as Exh. "4" to the Williams Declaration) between SFC and Vizio submitted by Vizio in an attempt to (1) disprove the validity of a disputed claim or (2) impeach by a prior inconsistent statement or a purported contradiction, and is thus inadmissible.  (Fed. R. Evid. 408(a).)<br><br>The communications describe the collaborative work between SFC and Vizio to achieve Vizio's full compliance with the GPLv2 as described in the previous section, including Vizio's attempted (but unsuccessful) production of a compliant source code candidate to comply with the Source Code Provision. Upon Vizio's counsel briefly (and blithely) providing SFC with vague assurances that Vizio would provide additional information on their own desired timeline, SFC's then-outside counsel advised Vizio that, if Vizio did not wish to fully comply with the GPLv2, the parties could discuss settlement terms in connection with Vizio's then-existing violations of the GPLv2.  In a later communication, Vizio's counsel assured SFC that it would continue working with and cooperating with SFC to achieve compliance under the GPLv2.<br><br>As these communications make clear, both SFC and Vizio intended to work collaboratively to resolve Vizio's noncompliance privately—precisely the sort of activity that Rule 408(a) was meant to protect by rendering compromise negotiations inadmissible.<br><br>As Vizio offers this material as disputing the |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MICHAEL E. WILLIAMS, EXHIBITS THERETO, AND VIZIO'S OPPOSITION TO MOTION FOR REMAND

| | | |
|---|---|---|
| | | validity of SFC's claims in this Action or, alternatively, attempts to use this material as a prior inconsistent statement as to the legal grounds for SFC's claims in this Action, this material is inadmissible. (Fed. R. Evid. 408(a).)<br><br>Moreover, this material does not tend to make the existence of any fact that is of consequence to this Action more or less probable.  (Fed. R. Evid. 402.) Indeed, it does not dispute practically any facts at all at issue in this Action, as the communications by Vizio do not dispute that (1) that noncompliance with the GPLv2's Source Code Provision would violate the GPLv2 and result in the automatic termination of any rights thereby held by Vizio, (2) that the Vizio smart televisions referenced in fact failed to comply with the Source Code Provision, (3) that Vizio's failure to comply with the Source Code Provision terminated any rights Vizio may have had under the GPLv2. Instead, Vizio attempts to use this material as proof that SFC's legal positions in this Action are inconsistent with its prior positions, despite the fact that a party's specific legal theory does not constitute a "fact," make the existence of such "fact" more or less probable, or that the existence of such "fact" is of consequence to this Action. (Fed. R. Evid. 402.) |
| 11 | Oppo., ¶¶ 6:13-24 | This material describes and refers to a purported series of photographs offered by Vizio (submitted as Exh. "5" thereto).   However, Vizio has not established: (1) Williams' competence as the declaring witness (Rule 602); (2) a proper foundation (Rule 602); (3) relevance (Rule 401); (4) proper authentication (Rule 901(a)); (5) that some exception to the hearsay rule applies to render them admissible (Rule 802); and (6) that its probative value is not substantially outweighed by a danger of unfair prejudice, confusing the issues, causing undue delay, or wasting time (Rule 403).  Accordingly, the evidence is inadmissible and must be excluded.<br><br>The facts in support of this objection include that |

the Williams Declaration represents that this exhibit "provides a collection of screenshots taken from a VIZIO television showing step-by-step navigation to the 'License List' menu on the user interface of the television." However, it fails to establish that Williams is a competent declarant, as it provides no information as to whether Williams has sufficient personal knowledge regarding the photographs.

Moreover, neither the Williams Declaration nor the exhibit itself, *inter alia*, state where or when the photographs were taken, identify the photographer, identify the model of the Vizio television purportedly photographed, or show that Williams is a competent declarant testifying based on personal knowledge. Without such information, Vizio has not laid a proper foundation for the evidence, and the evidence must therefore be excluded. (*See, e.g., Dwyer v. City of Chico*, 2021 U.S. Dist. LEXIS 69545, at *14 (E.D. Cal. Apr. 9) (photos lacked foundation in that they were undated and did not identify the photographer, rendering them inadmissible).) This lack of information also prevents Vizio from properly authenticating the evidence, which is yet another basis for its inadmissibility. (*See, e.g., Unicolors Inc. v. Connection 18*, 2016 U.S. Dist. LEXIS 204525, at *12 n.6 (C.D. Cal. Aug. 15) ("Defendant's proffered photos are inadmissible since no one authenticated the proffered photos or provided any foundation; rather, they were introduced only in the body of Defendant's Opposition.").)

In addition, Vizio expressly offers the evidence for the truth of the matter asserted—that, contrary to SFC's allegations, Vizio televisions do in fact provide a written offer to produce source code:

> For example, SFC alleges that "none of the smart TVs that Vizio has introduced to the U.S. market" included "a written offer to provide [the] Source Code on demand." Dkt. 1-2 (Compl.) at ¶ 99. To the contrary,

19

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MICHAEL E. WILLIAMS, EXHIBITS THERETO, AND VIZIO'S OPPOSITION TO MOTION FOR REMAND

VIZIO shipped its smart TVs with an express written offer embedded in their user interface:

> Your VIZIO SmartCastTM device may contain executable codes and libraries that are subject to the terms of the GNU General Public License (GPL), GNU Lesser General Public License (LGPL), AFLv2.1, BSD License, RabbitMQ/Mozilla Public License v1.1 and other open source licenses.  VIZIO offers to provide applicable source code upon request for a processing fee covering the cost of fulfilling the distribution, such as the cost of the medium used and shipping and handling.  To make a request, please contact VIZIO at support.vizio.com.

Williams Decl., Ex. 5 (License List).

(Oppo.,  ¶¶  6:10-24 (emphasis omitted).)  As this constitutes an out-of-court statement to prove the truth of the matter asserted, it is hearsay, and Vizio provides no basis for any exception or exemption from the hearsay rule to apply.

Next, Vizio has not established the evidence's relevance to the current Action.  The portion of Vizio's Opposition quoted immediately *supra* disputes SFC's purported "allegation" that "'none of the smart TVs that Vizio has introduced to the U.S. market' included 'a written offer to provide [the] Source Code on demand.'"  (*Id.* (*citing* Vizio Complaint, ¶ 99).) However, SFC qualified this allegation as "[u]pon information and belief" based on its *actual* (and thorough) analysis of three specific models of Vizio smart televisions.  (*See* Vizio Complaint, ¶¶ 97-99.) Vizio's purported evidence, which, even if accurate, would simply provide one counterexample to SFC's general contention and would not significantly change

20

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MICHAEL E. WILLIAMS, EXHIBITS THERETO, AND VIZIO'S OPPOSITION TO MOTION FOR REMAND

| | | |
|---|---|---|
| | | the calculus. |
| | | Furthermore, even if the evidence were deemed relevant and admitted, its probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, causing undue delay, or wasting time. For example, the trier of fact may, like Vizio apparently has, confuse providing a counterexample to a general contention with disproving the contention, or may unfairly prejudice SFC by relying on this confusion in reaching a verdict. Similarly, the evidence's lack of any substantive effect on the issues here—which would be nominal at best—would only force SFC to incur significant costs and waste time in pursuing further motion practice to exclude the evidence on the multiple other bases described above, as well as any further bases which may be learned during the course of this litigation. |
| 12 | Oppo., ¶¶ 7:8-21 | This material describes and refers to confidential settlement communications (submitted as Exh. "7" thereto) between SFC and Vizio submitted by Vizio in an attempt to (1) disprove the validity of a disputed claim or (2) impeach by a prior inconsistent statement or a purported contradiction, and is thus inadmissible. (Fed. R. Evid. 408(a).) |
| | | The communications describe the collaborative work between SFC and Vizio to achieve Vizio's full compliance with the GPLv2 and shows several emails between SFC and Vizio relating to the sixth (and most recent) source code candidate provided by Vizio over the period of November 13 to 27, 2019. |
| | | In these emails, Vizio requests clarification from SFC on the sixth candidate as to whether a specific category of information was being sought by SFC. In response, SFC notes a past instance where the organization settled litigation against another smart TV manufacturer, Samsung—presumably referring to the *BusyBox* litigation—because Samsung provided the information requested by SFC with its source code candidate, and SFC further indicates that such |

21

information is *necessary* to any private resolution or settlement of Vizio's noncompliance with the GPLv2.

As these communications make clear, both SFC and Vizio intended to work collaboratively to resolve Vizio's noncompliance privately—precisely the sort of activity that Rule 408(a) was meant to protect by rendering compromise negotiations inadmissible.

As Vizio offers this material as disputing the validity of SFC's claims in this Action or, alternatively, attempts to use this material as a prior inconsistent statement as to the legal grounds for SFC's claims in this Action, this material is inadmissible.  (Fed. R. Evid. 408(a).)

Moreover, this material does not tend to make the existence of any fact that is of consequence to this Action more or less probable.  (Fed. R. Evid. 402.) Indeed, it does not dispute practically any facts at all at issue in this Action, as the communications by Vizio do not dispute that (1) that noncompliance with the GPLv2's Source Code Provision would violate the GPLv2 and result in the automatic termination of any rights thereby held by Vizio, (2) that the Vizio smart televisions referenced in fact failed to comply with the Source Code Provision, (3) that Vizio's failure to comply with the Source Code Provision terminated any rights Vizio may have had under the GPLv2. Instead, Vizio attempts to use this material as proof that SFC's legal positions in this Action are inconsistent with its prior positions, despite the fact that a party's specific legal theory does not constitute a "fact," make the existence of such "fact" more or less probable, or that the existence of such "fact" is of consequence to this Action.  (Fed. R. Evid. 402.)

| 13 | Oppo., ¶¶ 8:6-11 | This material describes and refers to confidential settlement communications (submitted as Exh. "7" thereto) between SFC and Vizio submitted by Vizio in an attempt to (1) disprove the validity of a disputed claim or (2) impeach by a prior inconsistent statement or a purported contradiction, and is thus inadmissible. |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MICHAEL E. WILLIAMS, EXHIBITS THERETO, AND VIZIO'S OPPOSITION TO MOTION FOR REMAND

(Fed. R. Evid. 408(a).)

The communications describe the collaborative work between SFC and Vizio to achieve Vizio's full compliance with the GPLv2 and shows several emails between SFC and Vizio relating to the sixth (and most recent) source code candidate provided by Vizio over the period of November 13 to 27, 2019.

In these emails, Vizio requests clarification from SFC on the sixth candidate as to whether a specific category of information was being sought by SFC. In response, SFC notes a past instance where the organization settled litigation against another smart TV manufacturer, Samsung—presumably referring to the *BusyBox* litigation—because Samsung provided the information requested by SFC with its source code candidate, and SFC further indicates that such information is *necessary* to any private resolution or settlement of Vizio's noncompliance with the GPLv2.

As these communications make clear, both SFC and Vizio intended to work collaboratively to resolve Vizio's noncompliance privately—precisely the sort of activity that Rule 408(a) was meant to protect by rendering compromise negotiations inadmissible.

As Vizio offers this material as disputing the validity of SFC's claims in this Action or, alternatively, attempts to use this material as a prior inconsistent statement as to the legal grounds for SFC's claims in this Action, this material is inadmissible. (Fed. R. Evid. 408(a).)

Moreover, this material does not tend to make the existence of any fact that is of consequence to this Action more or less probable. (Fed. R. Evid. 402.) Indeed, it does not dispute practically any facts at all at issue in this Action, as the communications by Vizio do not dispute that (1) that noncompliance with the GPLv2's Source Code Provision would violate the GPLv2 and result in the automatic termination of any rights thereby held by Vizio, (2) that the Vizio smart

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MICHAEL E. WILLIAMS, EXHIBITS THERETO, AND VIZIO'S OPPOSITION TO MOTION FOR REMAND

| | | televisions referenced in fact failed to comply with the Source Code Provision, (3) that Vizio's failure to comply with the Source Code Provision terminated any rights Vizio may have had under the GPLv2. Instead, Vizio attempts to use this material as proof that SFC's legal positions in this Action are inconsistent with its prior positions, despite the fact that a party's specific legal theory does not constitute a "fact," make the existence of such "fact" more or less probable, or that the existence of such "fact" is of consequence to this Action. (Fed. R. Evid. 402.) |
|---|---|---|
| 14 | Oppo., ¶¶ 12:6-13 | This material describes and refers to confidential settlement communications (submitted as Exh. "2" and Exh. "4" to the Williams Declaration) between SFC and Vizio submitted by Vizio in an attempt to (1) disprove the validity of a disputed claim or (2) impeach by a prior inconsistent statement or a purported contradiction, and is thus inadmissible. (Fed. R. Evid. 408(a).) |
| | | The communications referenced identify Vizio's violations of and noncompliance with the GNU General Public License version 2 ("GPLv2") including, but not limited to, Vizio's distribution of a modified Linux kernel without providing the complete source code (or a written offer for same), which unambiguously violates the Source Code Provision. SFC thereafter offers to reinstate Vizio's rights to distribute the software and resolve these issues informally by working collaboratively with SFC to achieve Vizio's full compliance. |
| | | The communications referenced further describe the collaborative work between SFC and Vizio to achieve Vizio's full compliance with the GPLv2 as described in the previous section, including Vizio's attempted (but unsuccessful) production of a compliant source code candidate to comply with the Source Code Provision. Upon Vizio's counsel briefly (and blithely) providing SFC with vague assurances that Vizio would provide additional information on their own |

desired timeline, SFC's then-outside counsel advised Vizio that, if Vizio did not wish to fully comply with the GPLv2, the parties could discuss settlement terms in connection with Vizio's then-existing violations of the GPLv2.  In a later communication, Vizio's counsel assured SFC that it would continue working with and cooperating with SFC to achieve compliance under the GPLv2.

As these communications make clear, both SFC and Vizio intended to work collaboratively to resolve Vizio's noncompliance privately—precisely the sort of activity that Rule 408(a) was meant to protect by rendering compromise negotiations inadmissible.

As Vizio offers this material as disputing the validity of SFC's claims in this Action or, alternatively, attempts to use this material as a prior inconsistent statement as to the legal grounds for SFC's claims in this Action, this material is inadmissible.  (Fed. R. Evid. 408(a).)

Moreover, this material does not tend to make the existence of any fact that is of consequence to this Action more or less probable.  (Fed. R. Evid. 402.) Indeed, it does not dispute practically any facts at all at issue in this Action, as the communications by Vizio do not dispute that (1) that noncompliance with the GPLv2's Source Code Provision would violate the GPLv2 and result in the automatic termination of any rights thereby held by Vizio, (2) that the Vizio smart televisions referenced in fact failed to comply with the Source Code Provision, (3) that Vizio's failure to comply with the Source Code Provision terminated any rights Vizio may have had under the GPLv2. Instead, Vizio attempts to use this material as proof that SFC's legal positions in this Action are inconsistent with its prior positions, despite the fact that a party's specific legal theory does not constitute a "fact," make the existence of such "fact" more or less probable, or that the existence of such "fact" is of consequence to this Action.  (Fed. R. Evid. 402.)

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MICHAEL E. WILLIAMS, EXHIBITS THERETO, AND VIZIO'S OPPOSITION TO MOTION FOR REMAND

| 15 | Oppo., ¶¶ 22:23-27 | This material describes and refers to confidential settlement communications (submitted as Exh. "2" to the Williams Declaration) between SFC and Vizio submitted by Vizio in an attempt to (1) disprove the validity of a disputed claim or (2) impeach by a prior inconsistent statement or a purported contradiction, and is thus inadmissible. (Fed. R. Evid. 408(a).)

The communications referenced identify Vizio's violations of and noncompliance with the GNU General Public License version 2 ("GPLv2") including, but not limited to, Vizio's distribution of a modified Linux kernel without providing the complete source code (or a written offer for same), which unambiguously violates the Source Code Provision. SFC thereafter offers to reinstate Vizio's rights to distribute the software and resolve these issues informally by working collaboratively with SFC to achieve Vizio's full compliance.

As Vizio offers this material as disputing the validity of SFC's claims in this Action or, alternatively, attempts to use this material as a prior inconsistent statement as to the legal grounds for SFC's claims in this Action, this material is inadmissible. (Fed. R. Evid. 408(a).)

Moreover, this material does not tend to make the existence of any fact that is of consequence to this Action more or less probable. (Fed. R. Evid. 402.) Indeed, it does not dispute practically any facts at all at issue in this Action, as the communications by Vizio do not dispute that (1) that noncompliance with the GPLv2's Source Code Provision would violate the GPLv2 and result in the automatic termination of any rights thereby held by Vizio, (2) that the Vizio smart televisions referenced in fact failed to comply with the Source Code Provision, (3) that Vizio's failure to comply with the Source Code Provision terminated any rights Vizio may have had under the GPLv2. Instead, Vizio attempts to use this material as proof that SFC's legal positions in this Action are |

| | | inconsistent with its prior positions, despite the fact that a party's specific legal theory does not constitute a "fact," make the existence of such "fact" more or less probable, or that the existence of such "fact" is of consequence to this Action.  (Fed. R. Evid. 402.) |
| --- | --- | --- |

## IV.    CONCLUSION

For the foregoing reasons, SFC respectfully requests that its evidentiary objections be sustained and that the evidence be stricken from the record and not be considered.

DATED: April 29, 2022              **RICHARD G. SANDERS, PLLC**
                                   **VAKILI & LEUS, LLP**


                          By:  /s/ Sa'id Vakili
                               Sa'id Vakili, Esq.
                               David N. Schultz, Esq.
                               Richard Sanders, Esq.
                               Stephen P. Hoffman, Esq.
                               *Attorneys for Plaintiff Software Freedom*
                               *Conservancy, Inc.*

27

## **CERTIFICATE OF SERVICE**

*Software Freedom Conservancy, Inc. v. Vizio, Inc.*
*U.S.D.C. C.D. Cal. Case No.: 8:21-cv-01943-JLS-KES*

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Vakili & Leus, LLP, 3701 Wilshire Boulevard, Los Angeles, Suite 1135, Los Angeles, California 90010.

On April 29, 2022, I served the foregoing document described as **PLAINTIFF SFC'S EVIDENTIARY OBJECTIONS TO VIZIO'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND, THE DECLARATION OF MICHAEL E. WILLIAMS, AND EXHIBITS THERETO** on all interested parties in this action at the addresses listed below, as follows:

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Michael E. Williams, Esq.
*michaelwilliams@quinnemanuel.com*
Daniel C. Posner, Esq.
*danposner@quinnemanuel.com*
John Z. Ying
*johnyin@quinnemanuel.com*
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

**213/443-3000** | Fax: 213/443-3100

*Counsel for Defendant Vizio, Inc.*

I hereby certify that on the 29th day of April 2022, I will cause to be served the above-referenced document via the United States District Court's Electronic Filing Program on the designated recipient via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing ("NEF") to the filing party, the assigned judge, and any registered users in this action.  The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

/s/ Jason C. Ming
Jason C. Ming