JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 8:21-cv-01943-JLS-KES    Date: May 13, 2022
Title: Software Freedom Conservancy, Inc. v. Vizio, Inc. et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| D. Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
Not Present                          Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 14)**

Before the Court is Plaintiff's Motion to Remand. (Mot., Doc. 14.) Defendant opposed and Plaintiff replied. (Docs. 24, 26.) Having heard oral argument and considered the pleadings, the parties' briefs, and for the reasons stated below, the Court GRANTS the Motion.

## I. BACKGROUND

Plaintiff Software Freedom Conservancy, Inc. ("SFC") is a not-for-profit corporation whose "primary mission is to ensure the right to repair, improve, and reinstall software," and it "promotes and defends these rights by fostering free (in the sense of 'freedom' not 'gratis') and open source software ('FOSS') projects, driving initiatives that make technology more inclusive, and advancing policy strategies that defend FOSS." (Compl., Doc. 1-2, ¶¶ 5, 6.) Defendant Vizio, Inc. ("Vizio") is a corporation that, among other things, manufactures smart TVs, "which are essentially televisions with computers built in to enable streaming and sophisticated user interfaces." (*Id.* ¶¶ 9, 10.)

SFC filed the present action against Vizio in the Superior Court of the State of California for the County of Orange asserting claims for (1) breach of contract and (2) declaratory relief. (*See id.* ¶¶ 87-134.) SFC's claims stem from Vizio's use of software

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-01943-JLS-KESDate: May 13, 2022
Title:  Software Freedom Conservancy, Inc. v. Vizio, Inc. et al

covered by two software license agreements, known as the GPL Agreements.  The two agreements—the GNU General Public License version 2 ("GPLv2") and its close cousin, the GNU Lesser General Public License version 2.1 ("LGPLv2.1")—are two of the "most vital and ubiquitous software license agreements in existence," and SFC claims that they "play a central role in the development of 'free' and open source software."  (Mot. at 3-4.)  The GPL Agreements require "those who distribute software in an executable form—i.e., in a form that may be read (and executed) by computers—also make the software available as 'source code,' i.e., in a form that may be read and understood by those who are familiar with the relevant programming language, thus allowing them to further develop the software."  (Mot. at 4 (citing Compl. ¶¶ 20-23).)  In particular, the GPLv2 provides:

> You may copy and distribute the Program (or a work based on it . . .) in object code or executable form under the terms [above] provided that you also do one of the following:
> (a) Accompany it with the complete corresponding machine-readable source code. . . .; or.
> (b) Accompany it with a written offer . . . to give any third party . . . a complete machine-readable copy of the corresponding source code. . .

(*See* Ex. A to Compl., Doc. 1-2, at ECF 32; Compl. ¶ 28.)

SFC's Complaint alleges, however, that although Vizio uses "at least twenty-five programs, including the Linux kernel software" in its smart TVs that are covered by the GPL Agreements, Vizio does not make the corresponding source code for these programs available to purchasers of its smart TVs.  (Mot. at 5 (citing Compl. ¶¶ 50-51).)  Accordingly, the Complaint "seeks to enforce [SFC's] right to have access to the source code corresponding to the executable code resident on Vizio's devices covered by the GPL Agreements."  (*Id.* at 14 (citing Compl. ¶ 121).)  Accordingly, as a remedy to its breach of contract claim, SFC seeks to compel Vizio to make the source code available.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-01943-JLS-KES　　　　　　　　　　　　Date: May 13, 2022
Title: Software Freedom Conservancy, Inc. v. Vizio, Inc. et al

Vizio filed a Notice of Removal ("NOR"), (*see* NOR, Doc. 1), alleging that this Court has subject matter jurisdiction because SFC's action "is removable on the basis of federal question jurisdiction" because SFC's "claims are completely preempted by the laws of the United States, specifically, the federal Copyright Act." (*Id.* ¶¶ 5, 7.) In response, SFC filed the present Motion to Remand the case to state court.

## II.　LEGAL STANDARD

"A defendant may remove an action originally filed in state court only if the case originally could have been filed in federal court." *In re NOS Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1441(a)). There is a "strong presumption" against removal jurisdiction, and the defendant seeking removal bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Home Loans Serv., LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

For removal to be proper based on federal question jurisdiction, a federal question must appear on the face of the complaint. *See Chesler/Perlmutter Prods. v. Fireworks Entm't, Inc.*, 177 F. Supp. 2d 1050, 1055 (C.D. Cal. 2001). "The plaintiff is the master of the complaint," and ordinarily, a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Moreover, a defendant "cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law." *Id.* at 399.

The rare exception to the plaintiff's mastery of the complaint rule is the complete preemption doctrine. *See Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000). Some federal statutes have such a strong preemptive force that they "completely preempt" an area of state law, and even state law claims in such areas are treated as if they are federal claims, and therefore, they may be removed to federal court. *See id.* "Because complete preemption often applies to complaints drawn to evade federal jurisdiction, a federal court may look beyond the face of the complaint to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:21-cv-01943-JLS-KES | Date: May 13, 2022 |
| Title: Software Freedom Conservancy, Inc. v. Vizio, Inc. et al | |

determine whether the claims alleged as state law causes of action in fact are necessarily federal claims." *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998), *overruled by statute on other grounds*.

### III.  DISCUSSION

There is no dispute that SFC's complaint alleges only state law claims, and the Parties agree that the action is removable only if SFC's claims are completely preempted. Accordingly, the sole issue for the Court to decide is whether the federal Copyright Act completely preempts SFC's claims for breach of contract and declaratory relief to create federal jurisdiction.

"The Copyright Act specifically preempts 'all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright.'" *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005) (quoting 17 U.S.C. § 301(a)).  "The rights protected under the Copyright Act include the rights of reproduction, preparation of derivative works, distribution, and display." *Id.* (citing 17 U.S.C. § 106).  The Ninth Circuit has applied a two-part test to determine whether a state law claim is preempted by the Copyright Act. *Laws v. Sony Music Entm't*, 448 F.3d 1134, 1137-38 (9th Cir. 2006).  Courts must first "determine whether the 'subject matter' of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. § 102 and 103." *Id.* at 1137.  Second, "assuming that it does," courts "must determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the *exclusive rights of copyright holders*." *Id.* at 1137-38 (emphasis added).

SFC challenges only the second prong of the test.  To satisfy the equivalent rights part of the preemption test, the alleged misappropriation must be equivalent to rights within the general scope of copyright, including the exclusive rights of reproduction, preparation of derivative works, distribution, and display. *Id.* (citing *Del Madera Props. v. Rhodes & Gardner*, 820 F.2d 973, 977 (9th Cir. 1987), *overruled on other grounds*). "To survive preemption, the state cause of action must protect rights which are

qualitatively different from the copyright rights," and the "state claim must have an extra element which changes the nature of the action." *Id.* (quoting *Del Madera*, 820 F.2d at 977).

"Most courts have held that the Copyright Act does *not* preempt the enforcement of contractual rights."  *See Altera Corp.*, 424 F.3d at 1089; *see also Bowers v. Baystate Techs. Inc.*, 320 F.3d 1317, 1324 (Fed. Cir. 2003) ("[M]ost courts to examine this issue have found that the Copyright Act does not preempt contractual constraints on copyrighted articles.").  For instance, in *Altera Corp. v. Clear Logic*, the Ninth Circuit held that Altera's state law claim for intentional interference with a contract was not preempted by the Copyright Act because its claim focused on the improper *use* of its software, rather than a violation of any exclusive rights under the Copyright Act to reproduction, preparation of derivative works, distribution, and display.  424 F.3d at 1089-90.  Altera's software licensing agreement required customers to use the software only for the programming of Altera products, but Clear Logic induced customers to use the software to create a bitstream providing information to Clear Logic.  *Id.*  The Court found that "[t]he right at issue [was] not the reproduction of the software," but instead, "[was] more appropriately characterized as the use of the bitstream," and it held that "the unauthorized use of the software's end-product [was] not within the rights protected by the federal Copyright Act." *Id.*

Quite relevant to the present case, a district court in the Western District of Texas held that a defendant's breach of contract counterclaim based on violations of the GPL was not preempted by the Copyright Act.  *See Versata Software, Inc. v. Ameriprise Fin., Inc.*, 2014 WL 950065, at *4-*5 (W.D. Tex. Mar. 11, 2014).  The court found that the GPL's imposition of an affirmative obligation on any license holder to make the code of any derivative work freely available and open source was "separate and distinct from any copyright obligation," as "[c]opyright law imposes no open source obligations," and the defendant had not sued for infringement of copyright.  *Id.*  The Court found that because the defendant sued based on plaintiff's breach of "an additional obligation: an affirmative promise to make its derivative work open source because it incorporated an open source

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-01943-JLS-KES                              Date: May 13, 2022
Title: Software Freedom Conservancy, Inc. v. Vizio, Inc. et al

program into its software," the defendant's counterclaim required an extra element in addition to reproduction or distribution—"a failure to disclose the source code of the derivative software." *Id.*

The Court finds *Versata*'s reasoning persuasive, and it finds here, as the court found there, that the enforcement of "an additional contractual promise separate and distinct from any rights provided by the copyright laws" amounts to an "extra element," and therefore, SFC's claims are not preempted. *Id.* at *5. There is an extra element to SFC's claims because SFC is asserting, as a third-party beneficiary of the GPL Agreements, that it is entitled to *receive* source code under the terms of those agreements. There is no right to receive certain works—or source code in particular—under the Copyright Act; indeed, the Act's primary purpose is to *limit* who may reproduce, prepare derivative works, distribute, and display protected works. As SFC points out in its briefing, the right to receive the source code would appear to be "*the very opposite*" of those exclusive rights. (Reply, Doc. 26, at 17.) The fact that SFC claims status as a third-party beneficiary to the GPL Agreements and not the actual copyright holder—and therefore, has no authority to impose limitations on the reproduction and distribution of the software—only underscores that the contractual right at issue is qualitatively different from the rights under the Copyright Act. Thus, there can be no question that the extra element—that SFC is third-party enforcing its right to receive source code under the terms of a contract—transforms the nature of the action.[1]

Vizio's Opposition is largely driven by the argument that SFC has taken a contrary position in other litigation, specifically, *Software Freedom Conservancy, Inc. v. Best Buy Co.*, Case No. 1:09-cv-10155-SAS (S.D.N.Y. 2009) (the "Busy Box Litigation"). (*See* Opp., Doc. 24, at 12.) But Vizio cites only to SFC's legal arguments; nowhere does it cite to the holdings of the court deciding that case. SFC's legal arguments in another case have no bearing on whether this Court has jurisdiction to decide this action.

---

[1] The Court here determines only that the claim is not preempted; whether SFC can successfully show it is a third-party beneficiary of the GPL Agreements is a question of state law that is not before this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  8:21-cv-01943-JLS-KES | Date: May 13, 2022 |
| Title:  Software Freedom Conservancy, Inc. v. Vizio, Inc. et al | |

Additionally, Vizio contends that because there may be a copyright claim here, Vizio's claims must be construed to assert rights equivalent to those protected by copyright.  (*Id.* at 11-14.)  But this contention runs counter to the principle that a plaintiff is generally the master of its own complaint.  "It is well-established that the party who brings a suit is master to decide what law he will rely upon, and if he can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and defeat removal."  *Garcia v. Lopez*, 2009 WL 292492, at *2 (C.D. Cal. Feb. 5, 2009) (quotations omitted).  "That Plaintiffs could potentially state a Copyright Act claim based on the facts alleged does not mean they must.  Plaintiffs are free to limit their causes of action as they wish."  *Id.*  Potentially, there is an argument that Vizio's distribution of the software violates various the conditions of the software's copyright; however, SFC has not chosen to bring such claim.  And, indeed, because SFC is not the copyright holder, it cannot even assert one.  Thus, the Court declines to find that Vizio's potential violation of a non-party's copyright right controls the nature of the claims SFC asserts here.

Vizio also relies heavily on *Jacobsen v. Katzer*, 609 F. Supp. 2d 925, 933 (N.D. Cal. 2009).  (*See* Opp. at 16-17.)  Vizio contends that there, the court held that the Copyright Act preempted a plaintiff's breach of contract claim based on another open source license, the Artistic License.  (*Id.* at 16.)  But there, the plaintiff was also the copyright holder and asserted a copyright claim.  Moreover, as SFC points out, the provision of the contract defendant allegedly breached amounted to little more than "a promise not to infringe copyright." (Reply at 21; *see also Jacobsen*, 609 F. Supp. 2d at 933 ("The breach of contract claim alleges violations of the exact same exclusive federal rights protected by Section 106 of the Copyright Act, *the exclusive right to reproduce, distribute, and make derivative copies*." (emphasis added)).)  Thus, in contrast to the case here, the rights being asserted under the contract were equivalent to those under the Copyright Act, and further, the plaintiff was actually in a position to assert its rights under copyright.  Additionally, plaintiff sought rescission of the agreement, disgorgement of the value conferred to defendants, and interests and costs, which would effectively

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   8:21-cv-01943-JLS-KES                                              Date: May 13, 2022

Title: Software Freedom Conservancy, Inc. v. Vizio, Inc. et al

prevent defendant from reproducing, preparing derivative works, or distributing plaintiff's software—the very remedies available under the Copyright Act. *See* Second Amended Compl., 2007 WL 5138282, at ¶ 492. By contrast, here, SFC seeks only to compel Vizio to provide it with the source code—a remedy not available under the Copyright Act. (*See* Compl. at 24-25.) Thus, *Jacobsen* is readily distinguishable from the present case.

Finally, Vizio contends that the source code provision is a "condition" to the license, and therefore, its breach "constitute[s] copyright infringement," rather than a breach of contract, and accordingly, SFC's contract claim is transformed into one for copyright infringement. (Opp. at 19-20 (citing *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 939 (9th Cir. 2010)). Vizio misreads *MDY Industries*; that case limits which types of breaches are sufficient to state a copyright infringement claim. *See MDY Indus.*, 629 F.3d at 939-40. Specifically, the court held that only a breach of a condition—under Delaware law, "an act or event that must occur before a duty to perform arises"—may constitute copyright infringement; breaches of all other license terms, or covenants, "are actionable only under contract law." *Id.* at 939. It also clarified that "[w]herever possible, equity construes ambiguous contract provisions as covenants rather than conditions." *Id.* Thus, the court restricted what types of breaches may be construed as copyright infringement, but if anything, created a presumption that most breaches of licensing agreements will not create a copyright claim, but instead, merely a breach of contract claim. If anything, the distinction between conditions and covenants only underscores that the disclosure obligation here is best characterized as a covenant actionable only under breach of contract.

In sum, the Court finds that SFC's claims are not completely preempted by the Copyright Act; accordingly, as there is no federal question presented, this Court lacks jurisdiction and the Motion to Remand is GRANTED.

**IV.     CONCLUSION**

For the foregoing reasons, the Court GRANTS the Motion. The case is

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:  8:21-cv-01943-JLS-KES                                    Date: May 13, 2022

Title:  Software Freedom Conservancy, Inc. v. Vizio, Inc. et al

REMANDED to the Superior Court of the State of California County of Orange, Case No. 30-02021-01226723-CU-BC-CJC.

Initials of Deputy Clerk: droj